No. 7870.

THE CITY OF VINCENNES *v.* WINDMAN.

COUNTY COMMISSIONERS.—*Special Session.*—*Annexation of Territory.*—
*City.*—A board of county commissioners, convened in special session,
can not make a valid order for the annexation of contiguous territory
to an incorporated city.

From the Knox Circuit Court.

*J. M. Boyle*, for appellant.
*H. S. Cauthorn*, for appellee.

ELLIOTT, J.—There is, in this case, a single controlling
question, and that question is : Can a board of county com-
missioners, convened in special session, make a valid order
for the annexation of contiguous territory to an incorporated
city?

Under the present statute, there is no doubt as to the
power of the auditor to call the board together in special
session, nor is there any doubt of the power of the board to
transact at such special session ordinary county business.
The doctrine is, indeed, carried much farther in the cases of
*Oliver* v. *Keightley*, 24 Ind. 514, and *The Board, etc.*, v.
*Brown*, 28 Ind. 161, but not far enough to include cases
where notice of the pendency of special statutory proceedings
must be given, or where there may be adversary proceedings.
The precise question, with which we are now dealing, was not
presented in these cases, nor has it been directly passed upon
in any other case by this court.

The general rule, in the absence of statutory provisions to
the contrary, unquestionably is, that the board of commission-
ers, when called together in special session, can only transact
the business specified in the call, but, under the construction
placed upon our statute by the cases cited, this rule does not
prevail in its full vigor in this State.   While the rule is, in
a measure, abrogated by statute, yet the general principle,
everywhere prevailing, that only special business can right-

The City of Vincennes *v.* Windman.

fully be transacted at special sessions, is an important element to be considered in determining the question before us, for we must assume that the Legislature did not intend that this principle should be broken in upon any farther than is expressly, or by fair implication, declared by the statute itself. We are not, unless the language of the statute requires, to so extend the rule as to hold that any business, judicial or otherwise, which might be done at a regular term, may be done by the commissioners when convened in special session.

The annexation of contiguous territory to an incorporated city is not ordinary county business, nor, indeed, is it a matter properly connected with the general duties of the commissioners. On the contrary, it is a special statutory proceeding wherein notice is required, and where there may be adversary proceedings requiring judicial investigation and judgment. 1 R. S. 1876, p. 311. It is true that the statute does not, in express terms, require that the petition shall be presented at a regular session, nor does it require that the notice shall refer to a regular term, but we think that the intention of the Legislature, as evidenced by the general language and spirit of the act, was, that the petition and notice should be addressed to, and acted upon, at a regular session of the board. The general doctrine, to which reference has been made, that special business only can be transacted at special terms, we must presume to have been kept in mind by the framers of the statute, and that they embodied in the act the provisions upon this subject, in view of that doctrine, and intended that proceedings for annexation should be had only at the regular sessions fixed by statute. Of the regular terms held at the times fixed by a public law, all citizens may well be held bound to take notice, but they ought not to be held to take notice of a special session called, upon brief notice, by the county auditor. The statute authorizing the board to annex contiguous territory

requires thirty days' notice of the petition ; while the act empowering the auditor to call special sessions provides for six days' notice, and it can not be affirmed, with any fair show of reason, that the Legislature meant that the petition requiring thirty days' notice should be acted upon at a session which might be called upon six days' notice. ,

In the absence of language indicating a different intention, a statute, speaking of terms of court where adversary proceedings are to be had, and in which, in order to bring the parties into court, notice is necessary, ought-to be construed as meaning regular terms, not terms called at such times as a county officer may arbitrarily elect. This should be the rule, where reference is made to superior courts of general jurisdiction, and there is much stronger reason for applying it, in such a case as the present, where the court is an inferior one of limited statutory jurisdiction, and the proceeding a special statutory one. *The City of Peru* v. *Bearss*, 55 Ind. 576. Where a term, or session, of a court or board is spoken of, the natural and obvious inference is, that a regular term or regular session is meant. Of course, if the context assigned a different meaning to the terms, it would be otherwise, but, in this instance, the context strengthens, rather than weakens, the inference that the Legislature meant the regular sessions fixed by law.

The court below was right in holding against the appellant, and in adjudging the proceedings before the board of commissioners of Knox county to be inoperative and void.

Judgment affirmed, with costs.