## MacNaughton *v.* South Pac. C. R. Co.

*(Circuit Court, D. California. March 24, 1884.)*

1. REMOVAL OF CAUSES FROM STATE COURT—APPLICATION MUST SPECIFY WHEN GROUND EXISTED.
   In order to show jurisdiction in a federal court over a cause removed thither from a state court on the ground of the parties being residents of different states, it must appear in the application for removal that this ground subsisted at the time the suit was instituted in the state court.

2. SAME—AMENDMENT NOT A RIGHT.
   The amending of an application so as to show jurisdiction is a matter within the discretion of the court, and cannot be claimed by a party litigant as a right.

3. SAME—"SESSION" EQUIVALENT TO "TERM" IN CONTEMPLATION OF ACT OF CONGRESS.
   The word "session" in the present constitution of California, relative to the sittings of courts, is "term" within the contemplation of the act of congress.

Motion to Remand.

*II. N. Clement,* for plaintiff.

*Gordon Blanding,* for defendant.

SAWYER, J. This action was commenced in the Fourth district court of the state of California on August 1, 1879. Defendant demurred August 22, 1879, and the demurrer was overruled. Defendant having answered, plaintiff demurred to that part of the answer setting up new matter as a defense, October 2, 1879. The new constitution of California of 1879 having in the mean time taken effect, the case went into the superior court, as successor to the state district court, and on January 23, 1880, was assigned to department No. 7 of the superior court. On March 22, 1880, the demurrer to the answer was sustained, with leave to amend. An amended answer was filed April 1, 1880, which, under the Code of Civil Procedure, put the case at issue, and it was ready for trial. On January 21, 1884, the defendant filed a petition to remove the case to the United States circuit court, on the ground that the plaintiff is a citizen of Missouri, and the defendant a citizen of California. The petition alleges that "there is in this action a controversy between citizens of different states, to-wit, a controversy between your petitioner, the defendant herein,—which said defendant was at the time of the commencement of this action, ever since has been, and now is, a corporation duly organized and existing under and by virtue of the laws of the state of California, and which said defendant is a citizen of the said state of California,—and the *plaintiff* herein, *who is* a citizen of the state of Missouri." The proper bond was filed, and a copy of the record obtained by petitioner and filed in the circuit court, February 7, 1884, the state court having made no order and taken no action upon the petition. The plaintiff moved to remand the case to the state court, on the grounds: (1) That it is not shown by the petition that plaintiff was a citizen of Missouri at the time of the com-

mencement of this suit; (2) that it appears from the record that the application was not made "before or at the first term at which it could have been tried," or within the time required by law; (3) that defendant has not used due diligence in making application for removal. The supreme court has repeatedly held that on a removal the record must show that the citizenship of the parties of different states must exist both at the time of the commencement of the suit and at the time of the application for removal. In this case it does not appear but that both plaintiff and defendant were citizens of California when the suit was commenced. It simply shows that plaintiff was a citizen of Missouri at the time of the application for removal, which is four years and nearly ten months after the commencement of the suit. Clearly, the record does not show jurisdiction in this court, or a proper case for removal on the ground of citizenship, and the case must be remanded on that ground.

The present constitution of California, which went into effect on January 1, 1880, five months after this suit was commenced, provides that the superior court "shall be always open, (legal holidays and non-judicial days excepted);" and the Code of Civil Procedure, (section 73,) adapted to the new constitution, provides that "the superior courts shall always be open, (legal holidays and non-judicial days excepted,) and they shall hold their sessions at the county seats of the several counties, or cities and counties, respectively. They shall hold *regular sessions*, commencing on the first Mondays of January, April, July, and October, and special sessions at such other times as may be prescribed by the judge or judges thereof: provided, that in the city and county of San Francisco the presiding judge shall prescribe the times of holding such special sessions." Under these provisions of the Code and Constitution it is insisted by defendant that there are no terms of court in California, and that the provision of the act of congress of 1875, that the application for removal must be made "before or at the term at which said cause could be first tried," can have no application in said state; that a removal from any state court of California, therefore, is in time if the application be made at any time before the trial, no matter how long it may have been ready, or in a condition for trial. I am unable to take this view. Congress undoubtedly intended to require prompt action, and to provide that unless the party avails himself of the right promptly, after a reasonable opportunity to try the case has been had, his right to remove shall be cut off or waived. In this district it has always been held by the circuit court that the respective separate general sessions of the courts to be held four times in each year, provided for by the statutes, are "terms," within the reason and meaning of the act of congress. There is no magic in the word "terms," or in the words, the courts "shall always be open." Courts of chancery, and some other courts, are always open for many purposes, though not always in session; yet they have regularly defined terms. The regu-

lar sessions of the superior courts, commencing at regularly appointed periods, are substantially terms. They are terms, at least, in my judgment, within the reason and meaning of the act of congress, and this construction will be adhered to in this circuit, until overruled by the supreme court. The cause must be remanded on this ground, also. In some of the counties, by rule of court, new calendars are made up for every month, and the calendar is called anew and trials thereon begun on the first Monday in each month. It is by no means certain that the special sessions provided for in the act, and in those cases where monthly calendars are provided for by rule, such special and monthly sessions would not, also, be held to be terms, within the meaning of the act of congress. However that may be, the regular sessions must certainly be regarded as terms for the purpose of the removal of causes.

At the argument of the motion to remand, the court declared that the petition for removal was insufficient, for the reason that it did not show that plaintiff was a citizen of a state other than the state of California at the time of the commencement of the suit, whereupon the counsel for petitioner stated that this jurisdictional fact existed, and asked leave to amend the petition so as to properly state the facts. Several cases from the circuit courts were cited, wherein it was held that the circuit court had authority to allow the substitution of a new bond, to cure defects in the bond filed in the state court, and also to allow the petition to be amended so as to show the proper jurisdictional facts, where not shown by the record brought from the state court and filed in the circuit court. The filing of a new bond is merely to correct an *irregularity* in the proceedings. It is not a jurisdictional fact in this court. Generally the main object of a bond has been accomplished by the filing of the record in the circuit court before the motion to remand has been made. I have heretofore thought it proper to allow an imperfect bond to be corrected in the circuit court, or any other matter of mere irregularity, not affecting the jurisdiction of the court. But, although aware that some circuit judges have adopted a different practice, I have never in this circuit allowed a petition which did not show the jurisdictional facts to be amended in such way as to show jurisdiction.

I am not prepared to say that the court has not power to allow such an amendment to be made; but if the power be conceded, it is not a matter which the party can demand as a legal right, but only a matter for the exercise of a sound discretion by the court. It has been said by some judges that they saw no reason why an amendment, showing the jurisdictional facts, should not be allowed to the petition in the circuit court, that is not equally applicable to the case of a bill originally filed in the circuit court, which omits to properly state the jurisdictional facts depending upon citizenship or otherwise. In my judgment, there is a very important distinction, that does not appear to have attracted the attention of the courts in the cases hitherto

reported. Take the present case for example. The record in the state court shows a case over which that court has jurisdiction, and it does not show a proper case for removal, or any case of which this court has jurisdiction. The supreme court has decided that, whenever the proceedings in the state court have been perfected so as to show upon the record of that court that the petitioner is entitled to have his case removed, all jurisdiction of the state court ceases, and all subsequent proceedings in the case are illegal and void, even if it has refused to make any order for the removal; and that no order of removal is necessary. The jurisdiction of the state court is suspended, or superseded, the moment the proceedings showing a proper case for removal have been perfected. But the supreme court has also held the correlative proposition to be true, that the state court is not bound to renounce its jurisdiction, or let go its hold upon the case, until its record shows upon its face a proper case for removal, and that the jurisdiction of the United States court has attached; that the state court is authorized to proceed until its own record shows that it has lost jurisdiction, and the jurisdiction of the circuit court has attached. Now, in this case, the record of the state court shows jurisdiction in that court, and does not show jurisdiction in this court. The state court is, therefore, fully authorized to proceed to a final judgment, which will be valid. The record in this court does not show jurisdiction in this court, but if the petition be amended here, as desired, jurisdiction will be shown by the record in this court. Its jurisdiction appearing on the record, it can, also, regularly proceed to final judgment. Thus each court, proceeding on its own record, has jurisdiction, and the result may be, two final valid judgments, entirely different, or even opposite judgments, with no error in the record upon which either judgment or decree could be reversed on writ of error or appeal. That state courts may proceed when its record does not show a valid removal is evident from the fact that in a number of cases they have proceeded even after a valid removal; and their judgments in such cases have been reversed on that ground by the supreme court. In my judgment, in such cases as this the circuit court, in the exercise of a sound discretion, should not permit a case to be thus embarrassed by an amendment to the petition, so as to show a proper case for removal, and jurisdiction in the circuit court, when these conditions are not shown in the record of the state court. The law as to averments of citizenship has been laid down so often, and been so long settled, that those who fail to make the proper allegations are entitled to little indulgence on account of the oversight. Although there is no ground to suspect anything of the kind in this case, there is reason to believe that the right to remove is sometimes exercised, not for the purposes of justice, but just the opposite—to obtain delay, and to hinder and obstruct the administration of justice by the enormous expense and inconvenience of litigating five or six hundred miles, more or less, from home. In my judgment, in this

circuit, at least, a pretty strict rule should be adhered to, in requiring a clear case for removal to be made out in the first instance in the court where the suit is brought; and that the court to which a removal is made should not be lax in allowing defective records to be made good by amendment after removal. This is the principle heretofore acted upon in this court.

For the reasons indicated, leave to amend the petition so as to show jurisdiction is denied, and the cause remanded to the state court, with costs.