[No. 9,373. In Bank.—January 5, 1885.]

A. E. HELM, RESPONDENT, v. ALLEN CHAPMAN, APPELLANT.

| 66 | 291 |
|----|-----|
| 80 | 512 |
| 66 | 291 |
| 102 | 141 |
| 66 | 291 |
| 107 | 623 |
| 66 | 291 |
| 120 | 96 |
| 66 | 291 |
| 122 | 519 |
| 66 | 291 |
| e146 | 333 |

MECHANICS' LIEN—MINING CLAIM—STRUCTURE.—A mine or pit sunk within a mining claim is a structure within the meaning of the act concerning liens of mechanics and others upon real property.

ID.—EXTENT OF LIEN.—One who performs labor in any pit, shaft, or gallery of a mine is entitled to a lien upon the whole mining claim.

APPEAL from a judgment of the Superior Court of the county of Nevada.

The action was brought for the foreclosure of a lien upon a mining claim, under the act "securing liens of mechanics and others on real property." The work performed by plaintiff consisted in quarrying and extracting quartz rock, and working in stopes and levels for the purpose of taking out rock to be crushed. The defendant, in his answer, averred that the work for which the lien was claimed was not done in the construction of any permanent structure on the premises, or in altering or repairing the same. The plaintiff demurred to the answer. The demurrer was sustained. Defendant declined to amend, and judgment was rendered for the plaintiff. The other facts appear in the opinion of the court.

A. C. Niles, for Appellant.

*Johnson & Mason,* for Respondent.

The COURT.—Section 1185 of the Code of Civil Procedure treats of the " building, improvement, or structure" as separate and distinct from the land upon which it is erected or constructed. We think, without doing violence to the received meaning of language, a *mine* or pit sunk within a mining claim may be called a structure. Section 1183 does not, it is true, provide for a lien upon mines, but upon "mining claims." The lien, if it exists at all, extends to the whole claim. Strictly speaking, of course, a "mining claim" cannot be constructed, altered, or repaired. The intention of the law makers seems to have been to give a lien upon the whole claim, for labor performed on, and for materials furnished for and used in, any structure, or on or in the alteration or repair of any structure, or on or in the mining claim. We deem it our duty to give effect to the legislative purpose, by holding that one who performs labor in any pit, shaft or gallery of a mine is entitled to a lien on the whole mining claim.

Judgment affirmed.