[Civil No. 242.  Filed March 20, 1888.]

[S. C. 17 Pac. 97.]

T. J. BRYAN, Plaintiff and Appellant, v. D. H. PINNEY, Defendant and Appellee.

1. COURT—SUPREME COURT—ADJOURNED TERMS—REV. ST. U. S. 1878, SEC. 1934, CONSTRUED.—An adjourned term of the Supreme Court, held pursuant to an order signed by a majority of the judges, under Rev. St. U. S., Sec. 1934, is a distinct and separate term and not merely an adjourned *session* of the same term.

2. APPEAL AND ERROR—TRANSCRIPT—LEAVE TO FILE—SHOWING SUFFICIENT—REV. ST. ARIZ. 1887, par. 938, CITED.—Under par. 938, *supra,* where a party is unable to file his transcript in the time limited therein, frόm any unavoidable cause, the court shall, upon satisfactory proof thereof, permit such transcript to be filed at a later period: Held, appellant's showing on a cross-motion for leave to file the transcript sufficient.

APPEAL from a Judgment of the District Court of the Second Judicial District in and for the County of Maricopa. W. W. Porter, Judge. Motion to dismiss appeal. Denied.

The facts are stated in the opinion.

Goodrich & Street, for Appellant.

Baker & Campbell, for Appellee.

BARNES, J.—In this case appellee moves to dismiss the appeal on the ground that the transcript was not filed on the first day of the term. Section 938, Rev. St., provides that "it shall be the duty of the appellant or plaintiff in error to file a transcript of the record with the clerk of the supreme court on or before the first day of the next succeeding term, held after the appeal was perfected, or the summons for writ of error was served, and that if after 30 days before the next term it shall be filed at the next term." In this case the final judgment was rendered on the 13th day of December, A. D. 1887, and notice of appeal given; and bond was filed and appeal perfected on the 16th day of January, A. D. 1888. The regular term of this court began on the second Monday of January at Prescott. At that term the judges signed an order for an adjourned term of said court at Tucson March 1st, and an order for an adjourned term in June, at Prescott. Rev. St. U. S. § 1934, provides that the supreme court of Arizona may hold adjourned terms thereof at any time and place in the territory agreed upon by a majority of the judges of the court at any regular term thereof. The order for an adjourned term shall be signed by a majority of the judges thereof at a regular term of the court, and entered upon the minutes of the court, and any business which said court might do at any regular term thereof may be done at such adjourned term. It is insisted that this is not a term of court, but is merely an adjourned session of the January term, and hence that this transcript will ·be due under the statute at the January term of this court, 1889. We are referred to the case of *Bank* v. *Withers*, 6 Wheat. 107. There the law provides that "said courts are hereby invested with the same power of holding adjourned sessions that is exercised in Maryland," and the court held this did

not make the adjourned session a distinct session. There is a broad distinction between an "adjourned session" and an "adjourned term." The word "session" means a meeting of the court. Term has a definite meaning, well known and well understood. Counsel argues that the words "sessions" and "terms" are synonymous. If they are synonymous, then this is the next session of the court. It is evident, however, that it was the intention of the act of congress that these adjourned terms should be distinct and separate terms, and that the business transacted should be the same as at a regular term. However, section 938 above, provides that where a party is unable to file such transcript in the time limited by this section, from any unavoidable cause, the court shall, upon satisfactory proof thereof, permit such transcript to be filed at a later period. The appellant in this case, upon what is deemed a sufficient showing, has made a cross-motion for leave to file the transcript; which motion is allowed.

Wright, C. J., and Porter, J., concur.