# SUPPLEMENT.

BURTON MANSFIELD, INSURANCE COMMISSIONER, *vs.* THE
MUTUAL BENEFIT LIFE INSURANCE COMPANY.

The Superior Court while holding a stated term must be deemed "in ses-
sion" during the interval between an adjournment from the afternoon
of one day to the morning of the day following, within the meaning of
§ 2869 of the General Statutes providing that a petition by the insurance
commissioner for the appointment of a receiver of an insurance com-
pany shall be brought to the Superior Court, "if in session, and if not,
to a judge of the Supreme Court of Errors."

PETITION by the insurance commissioner, under § 2869 of
the General Statutes, for the appointment of a receiver and
the annulment of the charter of the defendant company;
brought to a judge of the Supreme Court of Errors and heard
upon a plea to the jurisdiction.
The case is fully stated in the opinion.

*Charles E. Perkins* and *George G. Sill,* for the defendant.

*John R. Buck* and *Henry Stoddard* for the Insurance Com-
missioner.

BALDWIN, J.   This proceeding was brought before me as
a judge of the Supreme Court of Errors, under General Stat-
utes, § 2869, which requires the insurance commissioner, if
such a state of facts exists as is alleged in the complaint, to
bring such an action to the Superior Court of the county in
which the defendant company is located, if in session, and if
not, to a judge of the Supreme Court of Errors.
The defendant has filed a plea to the jurisdiction, upon
which it has been found that the complaint was brought be-
fore me at New Haven, in the evening of June 8, 1893, and
that the regular March session of the Superior Court for
Hartford County, in which county the defendant is located,
had not then been terminated, the court having been ad-

(579)

journed at five o'clock on the afternoon of June 8th to ten o'clock on the following morning.

The Constitution (Art. Fifth) declares that "the judicial power of the state shall be vested in a Supreme Court of Errors, Superior Court, and such inferior courts as the General Assembly shall from time to time ordain and establish." By giving jurisdiction of proceedings like the present, under certain circumstances, to a judge of the Supreme Court of Errors, he is constituted a special tribunal, but not a court, within the meaning of the Constitution. *Clapp* v. *Hartford*, 35 Conn., 73, 222. There are obvious reasons why judicial power should ordinarily be administered by courts rather than by judges out of court. The Superior Court is a court of record, established at a certain place, and provided with everything necessary to facilitate the trial of causes, and the enforcement of judgments. Had this proceeding been instituted in that court, it must have been brought to the court sitting in Hartford County, the General Assembly manifestly making this provision for the benefit of the defendant company, and so as to have the investigation of its condition, if necessary, conducted within easy reach of its books and office. On the other hand, if this proceeding is well brought, the hearings upon it might be had wherever best suited the convenience of the trier; and it would be subject at any moment to termination by the accident of death.

Under certain circumstances, it was thought proper to give jurisdiction to a judge of the Supreme Court of Errors, but, in my opinion, this grant was meant to be limited by the necessity which occasioned it. It is only when the Superior Court is not "in session" that such a proceeding as this can be brought before a judge. By General Statutes, § 791, it is enacted that sessions of the Superior Court for the trial of civil causes shall be held in each county at the beginning of each stated term, and by § 792, the judges are empowered to provide for and fix the time of such additional sessions as may be necessary. Under § 797, the Superior Court "at any session" may order pleas to be filed "at any time during vacation." By § 800, any session may be adjourned "from

time to time," when the state of the business requires it. By § 801, a trial unfinished at the expiration of a "term or session" may be continued, provided it be finished "before the close of the next succeeding term or session."

The word "session," as used in these sections, appears to me to refer, not to the time during any particular day, during which the court may be sitting, but to a session continued by adjournment from day to day in the ordinary course of judicial business. Prior to the Revision of 1875, temporary injunctions could be granted by a judge in all cases within the jurisdiction of the Superior Court, "when such court shall not be in session." Revision of 1866, p. 391, chap. II., § 12. Section 16 of the same chapter provided that "whenever an injunction shall have been granted by a judge in vacation," he might hear a motion for its dissolution "before the session of the court to which it is returnable."

In the Revision of 1875, the phrase "when such court shall not be in session," in chap. II., § 12, of the former revision, was changed so as to read thus : "When such court is not actually in session, whether in term-time or vacation." Revision of 1875, p. 477, § 1 ; Revision of 1888, § 1273.

Section 2869 of the General Statutes, under which the present proceeding is brought, is substantially in the language of § 16, p. 309 of the Revision of 1875. Somewhat similar provisions, in regard to the winding up of insolvent banks, were contained in the Revision of 1875, p. 288, § 1, and are repeated in General Statutes, p. 398, § 1830. These were supplemented in 1889 (Public Acts of 1889, p. 6), by an express grant of authority to issue a temporary injunction.

The reason why, if the Superior Court is not in session, a proceeding to wind up an insolvent bank or insurance company can thus be brought before a judge at chambers, is, no doubt, to secure the prompt intervention of the State to prevent further loss to those dealing with it, or interested in its affairs. If an insurance commissioner first becomes satisfied that insolvency exists, during an interval of some length between one session of the Superior Court and another, there

is a manifest propriety in giving an immediate remedy by application to a judge, but as the latter must issue a citation to the corporation, to give it reasonable notice of the hearing on the petition, little time would be gained by applying to him after the adjournment of the court at the close of a day in the course of a stated session, instead of to the court on its coming in upon the following morning.

Further light is thrown on the meaning of the legislature by § 2872, which provides that when an action of this nature is pending in the Superior Court, " and said court shall not be in actual session," any judge of the Supreme Court of Errors, on due notice to the defendant company, may make any proper order and modify the same from time to time, " to the same extent as said court might do if in session."

This evidently authorizes, in cases like the present which are pending in court, the intervention of a single judge at any time during a regular session of the court, when there has been a temporary adjournment from day to day. His right to issue a temporary injunction, under such circumstances, would also be secured by § 1273, but the injunction would be subject to control of the court, as soon as its sittings were resumed.

Had the March session of the Superior Court been adjourned on June 8th to some distant day, instead of to the day following, I am inclined to think that the court would no longer have been " in session " within the meaning of § 2869. *Hawley* v. *Parrott*, 10 Conn., 486, 488 ; *Conkling* v. *Ridgely*, 112 Ill., 36 ; 1 Northeastern Rep., 261. But the reasons of convenience which dictated the common law theory that every term of court is in continuous session until its final adjournment, all its business being properly described as transacted on its opening day, seem to me to apply in full force under our present system of stated terms, and stated and special sessions held on due notice. General Statutes, § 792.

In my opinion this petition should have been filed in the Superior Court, and the order of notice obtained from that tribunal. When thus filed, application could have been

made, upon any adjournment of the court, however brief, to a judge of the Supreme Court of Errors, under General Statutes, § 2872, for any necessary order. But I think a judge out of court has no original jurisdiction of such a petition, if brought during the continuance of a stated session of the court, and when it stands adjourned no longer than from the close of one day to the beginning of the next. The authority which I am asked to exercise in granting the relief which the insurance commissioner seeks, is in its nature judicial. As such it belongs, under our Constitution, to the courts. *In re Application Cleveland*, 51 N. J. Law, 311 ; 17 Atlantic Rep., 772. It can be conferred upon judges, at chambers, only as ancillary to the action of the courts, or, as upon writs of *habeas corpus*, to obviate what would otherwise be an unreasonable delay of justice. The party who invokes their jurisdiction to supplement that of the courts, must be able to show that it has been plainly given. It is not to be assumed upon words of doubtful construction.

For these reasons the plea in abatement is sustained, and the application dismissed, without prejudice.