Hufford *et al. v.* Conover.

Filed Oct. 18, 1894.

———————◆———————

No. 16,918.

HUFFORD ET AL. *v.* CONOVER.

COUNTY COMMISSIONERS.—*Dismissal of County School Superintendent.*— *Jurisdiction at Special Term.*—The board of county commissioners has jurisdiction to hear and determine a petition for the dismissal of a county superintendent of schools for immoral conduct and neglect of duty, at a special session of such board. *City of Vincennes* v. *Windman*, 72 Ind. 218, distinguished.

From the Rush Circuit Court.

*G. H. Puntenney, H. E. Barrett, D. S. Morgan* and *D. Morris,* for appellants.

*B. L. Smith, C. Cambern, W. A. Cullen* and *J. D. Megee,* for appellee.

HOWARD, J.—The appellee was the county superintendent of schools of Rush county, and the appellants, as citizens of the county, filed their petition with the auditor on the 20th day of September, 1892, charging the appellee with being guilty of certain immoral conduct, and neglect of duty while in the discharge of his duties as such school superintendent, and praying the board of county commissioners that he be removed from office, and the said office be declared vacant.

The auditor thereupon issued a summons to appellee, notifying him of the charges against him, and the names of those preferring the charges, and requiring him to appear at the county auditor's office in Rushville on the 1st day of October, 1892, to answer said charges.

On the 1st day of October, 1892, the appellee made a special appearance before the county commissioners, and filed his motion to dismiss the action, and to abate the proceedings, for the reason that the board had no jurisdiction of the person of the appellee or of the subject-matter of the action, at a special session, setting out at length appellee's reasons and objections against the jurisdiction of the commissioners' court at such special session.

The motion to dismiss was overruled, as was also a demurrer to the complaint filed by appellee, likewise a motion to make more specific. The appellee then filed a motion and affidavit for continuance, which was granted, and the cause was continued until October 7, 1892.

On the 7th day of October, 1892, the parties appeared

in person and by counsel; and the record recites: "This cause is now submitted to the board of commissioners for hearing and determination upon the petition heretofore filed herein. The evidence is heard, and the board being well advised in the premises find for the petitioners that the facts contained in the petition are true, and the said Robert F. Conover, defendant herein, should be removed and dismissed as county superintendent of Rush county, Indiana, for immorality, as alleged in the petition, and that said office should be declared vacant."

Judgment was entered accordingly, and the appellee was removed from office, and judgment for cost was entered against him. On appeal to the circuit court, the motion of the appellee, filed before the commissioners to dismiss the action for want of jurisdiction, was made a part of the record by special order of court. This motion having been submitted to the court, was, after due consideration, sustained, and the cause was dismissed. This action of the court is claimed by appellants to have been erroneous.

There is but one question for our decision: Did the board of county commissioners have jurisdiction to hear and determine this cause at a special session of the board?

By section 7822, R. S. 1894 (section 5737, R. S. 1881), it is provided that the county auditor, and in case of his disqualification the other officers named, may call special sessions of the boards of county commissioners whenever the public interests require it. Under the provisions of this and the following sections, it has frequently been held that the county auditor has power to determine when the public interests require that the board be convened in special session, that his action in calling such session, and determining the notice that shall be given therefor, can not be called in question, and that the board, when so convened, may transact

any business over which it has jurisdiction.   *Oliver* v. *Keightley*, 24 Ind. 514; *Jussen* v. *Board, etc.*, 95 Ind. 567; *White* v. *Fleming*, 114 Ind. 560.

By section 5900, R. S. 1894 (section 4424, R. S. 1881), it is provided, amongst other things:   "That the board of county commissioners shall have power to dismiss any county superintendent for immorality, incompetency, or general neglect of duty, or for acting as agent for the sale of any text-book, school furniture, or maps; but no county superintendent shall be dismissed without giving him written notice, under the hand and seal of the auditor, ten days before the first day of the term of the court of commissioners at which the cause is to be heard; and the said notice shall state the charges preferred against the superintendent, the character of the instrument in which they are preferred (whether a petition, complaint, or other writing), and the names of those preferring the same."

From the foregoing provisions of the statute it appears that the board of county commissioners have been given jurisdiction of the subject-matter of this action, the dismissal of a county school superintendent for immorality or other offenses named.   From the record it appears that the appellee received the written notice prescribed in the same statute.   It would seem, therefore, that in this case the board had jurisdiction, both of the subject-matter and of the person of the official charged with misconduct.

Counsel for appellee, however, contend that such jurisdiction could only be acquired at a regular term of the board and not at a special term, as in this case.

In this contention counsel rely upon the case of *City of Vincennes* v. *Windman*, 72 Ind. 218.   In that case it was held by this court, that a board of county commissioners, convened in special session, can not make a

valid order for the annexation of contiguous territory to an incorporated city.

The statute for the annexation of contiguous territory to incorporated cities, sections 3659, 3660, R. S. 1894, (sections 3196, 3197, R. S. 1881), requires a general notice, by publication, to all persons interested, to be given for thirty days by the common council, stating that the petition for such annexation will be presented to the county board.

That statute does not, in express terms, require that the petition for annexation shall be presented at a regular session, nor does it require that the notice shall refer to a regular term; but the court, in the case of *City of Vincennes* v. *Windman, supra,* was of opinion "that the intention of the Legislature, as evidenced by the general language and spirit of the act, was, that the petition and notice should be addressed to, and acted upon, at a regular session of the board."

"Of the regular terms," said the court, "held at the times fixed by a public law, all citizens may well be held bound to take notice, but they ought not to be held to take notice of a special session called, upon brief notice, by the county auditor, * * * and it can not be affirmed, with any fair show of reason, that the Legislature meant that the petition requiring thirty days' notice should be acted upon at a session which might be called upon six days' notice."

The six days' notice here spoken of is the notice to the members of the board themselves, and not to any parties who may appear before them.    *White* v. *Fleming, supra.*

The thirty days' notice is by publication, and is to the public at large who may be interested in the annexation proceedings.

It does not seem clear that the reasoning of the court in that case is applicable to a statute, such as we are

considering, where a written personal notice to an officer charged with violation of his duties is prescribed, to be given "under the hand and seal of the auditor, ten days before the first day of the term of the court of commissioners at which the cause is to be heard."

In *City of Vincennes* v. *Windman, supra,* the court arrived at the intention of the Legislature, "as evidenced by the general language and spirit of the act."

Taking the same means of arriving at the intention of the Legislature in the act providing for the dismissal of immoral, or otherwise unfit, school superintendents, we can not believe that the Legislature intended that a school officer charged with such gross offenses against lady teachers in our public schools, as are charged in this case, should have from two to three months in which he might proceed in his ruinous work, until a regular session of the board should come around and he might finally be dismissed. The ten days' written personal notice would seem rather·to indicate that the Legislature had in mind more summary measures for ridding the schools of so unfit an officer.

If innocent, too, the time is long enough to enable him to prepare for his vindication. It is the same notice given to one brought into the circuit or other trial court, whether at a regular or a special term, to answer a charge affecting the dearest interests of person or property. And, in a proper case, he may have continuance of the trial, as was had in this case.

It is true, as said in *City of Vincennes* v. *Windman, supra,* that "where a term, or session, of a court or board is spoken of, the natural and obvious inference is, that a regular term or regular session is meant."

But the court adds: "Of course, if the context assigned a different meaning to the terms, it would be otherwise."

In that case the context strengthened the inference that the Legislature meant the regular sessions fixed by law. In the case which we are considering, the context points to a speedy determination of the questions raised by the petition.

The education of our youth should be surrounded by the purest influences. It is not enough that the intellect be cultivated; it is even more necessary that the heart should be uncontaminated. It is particularly needful that teachers and school officers should be moral men and women, and that their example should be such as may tend to train their youthful charge to a love of virtue.

No cause has been nearer to the conscience of the people of this commonwealth, none has been more sacredly guarded by the law-making power, than the welfare of the common schools of the State, the nurseries of the coming generation. We can not believe that the Legislature, in providing for the removal of an immoral school superintendent, did not intend that the county board should have power to remove him only at a regular term, four times a year; but we rather believe that the legislative intent was that, if guilty, he should be removed in ten days, but 'if innocent, that such a charge should not hang over him for months, to his own humiliation and the detriment of the schools under his care; that whether innocent or guilty, the matter should be determined as soon as reasonable time is had for a fair trial of the matters charged.

The statute providing for the removal of a school superintendent, like that for annexation of territory to a city, is a special statute, and, like it, does not expressly state whether the proceedings shall be had at a regular or a special session of the county board.

The only reference to the session made in the statute

is in connection with the notice to the accused, which it is required shall be given "ten days before the first day of the term of the court of commissioners at which the cause is to be heard."

From this definite personal notice, from the context, and particularly from what has been said of the general purpose and spirit of the statute, we think the term intended is the next ensuing regular or special term at which, after giving the prescribed notice, the cause can be heard.

The judgment is reversed, with directions to overrule the motion to dismiss the action, and for further proceedings.