Heim *v.* State, *ex rel.* Brammer.

---

## Heim *v.* State, ex rel. Brammer.

[No. 17,876. Filed September 23, 1896.]

COUNTY COMMISSIONERS.— *Court.— Term.— Session.— Statutes Construed.*—Terms of commissioners' court, as are provided by section 7821, Burns' R. S. 1894 (section 5736, R. S 1881), imply periods of prescribed duration; while a special "session" of such court as provided by sections 5917, 7822, Burns' R. S. 1894, implies a period of such duration as might be found necessary to the accomplishment of the objects in view.

SAME.—*Special Session.—Appointment of Township Trustee.*—At the special August session of the board of county commissioners for the purpose of receiving the reports of township trustees as provided by section 5917, R. S. 1894, such board has no authority to fill a vacancy in the office of township trustee.

From the Warrick Circuit Court. *Reversed.*

*Hatfield & Hemenway*, for appellant.

*J. B. Handy, C. W. Armstrong, J. R. Wilson, J. L. Taylor* and *C. W. Handy*, for appellee.

HACKNEY, J.—At the November, 1894, election, one Nicholas Fehd was elected trustee of Campbell township, in Warrick county, and, after having assumed the duties of said office, on the 8th day of August, 1895, he tendered to the board of commissioners of said county his resignation from said office. By reason of a supposed informality, in addressing said resignation to the board instead of the county auditor, said Fehd did, on the 9th day of August, 1895, tender his resignation of said office addressed to said auditor, and asked it to be submitted to said board. On said 8th and 9th days of August, 1895, said board of commissioners was in session pursuant to the requirements of section 5917, Burns' R. S. 1894, and on each of said days, said resignations respectively having been submitted to them, did designate and appoint, to fill the vacancy caused by said resignations, the relator, Frederick Brammer, who, as to each of said two appointments, filed with said auditor an oath of office and an ample bond. But, deeming it his duty to fill said vacancy, said auditor refused to approve said bonds or either of them, and, on the 9th day of August, 1894, made the appointment of the appellant, Constantine Heim, to fill said vacancy. Heim qualified, gave bond and entered upon the duties of said office. Brammer demanded said office from him; sued the auditor, at the September term, 1895, of the circuit court, to require the approval of said two bonds; and, having thereby obtained the approval of said bonds, he again, on the 22d day of November, 1895, demanded from the appellant the possession of said office, and, on the 29th day of November, 1895, instituted this suit to oust the appellant from said office. The questions arising upon the record are assigned upon the rulings of the circuit court in overruling the appellant's demurrer to the complaint, and in sustaining the appel-

lee's demurrer to the appellant's answer. The facts as we have stated them, so far as they relate to the appointment of the relator, are stated in the complaint, and so far as they relate to the appointment of the appellant are alleged in the answer.

Briefly stated, the question at issue is as to where, under the circumstances, the power to fill the vacancy was lodged. By section 8071, Burns' R. S. 1894 (section 5996, R. S. 1881), it is provided that "All vacancies in the office of township trustee shall be filled by the board doing county business in term time, or by the auditor in vacation." By section 5917, R. S. 1894, the board is required to "hold a session" on the first Monday of August, to receive the reports of trustees, of receipts and expenditures of school revenues for the year ending on the 31st day of July.

The terms of the commissioners' court are required to be held in March, June, September, and December. Burns' R. S. 1894, section 7821 (R. S. 1881, section 5736). Such terms have always been recognized by the courts, the legal profession and the public as the *regular terms.* They are regular in the sense of occurring with uniformity upon the periods prescribed, and they are general in the sense that the general public business, within the jurisdiction of that court, may then be transacted. "Special sessions of the board * * * may be called whenever the public interest requires it, * by the county auditor." Burns' R. S. 1894, section 7822 (R. S. 1881, section 5737). "Terms" imply periods of prescribed duration and, following this implication, the legislature prescribed the limits of such regular terms. Burns' R. S. 1894, section 7821.

While the word "session" may possibly be employed as synonymous with "term," it is manifest that the word, as employed in Burns' R. S. 1894, section

5917, and Burns' R. S. 1894, section 7822, was not intended to prescribe a period of fixed duration but was intended to imply an indefinite period, of such duration as might be found necessary to the accomplishment of the objects in view. Cases have been cited defining the jurisdiction of the Board as conferred by Burns' R. S. 1894, section 7822, notably the cases of *Hufford et al.* v. *Conover,* 139 Ind. 151, and *White* v. *Fleming,* 114 Ind. 560; but since the scope and purpose of that statute are not involved in this case, the citations cannot aid us. That statute makes no reference to the character of the business which may be transacted at the special sessions authorized. The statute here involved provides for sessions recurring at a prescribed period each year, without regard to the opinion of the auditor, and with no notice of or call for such sessions, and for the prescribed purpose of receiving reports from trustees of school revenues. These sessions are regular, with respect to the time of convening, they are special with reference to the business to be transacted, and they are in no sense general as are the terms provided by Burns' R. S. 1894, section 7821. Indeed, there is no excuse for calling such sessions "terms," since they are not of prescribed duration, and are, by the language of the statute, made sessions for the transaction of a particularly specified business.

Boards fill vacancies in the office of township trustee "in term time;" a time not contemplated by section 5917, Burns' R. S. 1894.

A former statute, R. S. 1881, section 4441, required a session of the board in October, instead of August, for the purpose of receiving the reports of trustees concerning school revenues. That statute was, excepting the difference in dates of sessions, identical with the present statute, Burns' R. S. 1894, section

5917. Under that statute a question arose as to the power of the Board to transact business other than that for which the session was specially designated, and it was held in *Fahlor* v. *Board, etc.*, 101 Ind. 167, that "The board has no power at such sessions, to transact any other business." The decision in that case was expressly followed in *Johnson* v. *Board, etc.*, 107 Ind. 15.

Neither upon the language of the statutes cited, nor upon the authorities construing them, can we find support for the rulings of the trial court.

The judgment, therefore, is reversed, with instructions to overrule the appellee's demurrer to the appellant's answer, and to sustain the appellant's demurrer to the complaint.