## UNITED STATES v. DIETRICH.

### (Circuit Court, D. Nebraska. January 4, 1904.)

1. CRIMINAL PROCEDURE — REMITTING INDICTMENT FROM DISTRICT TO CIRCUIT COURT—CONSTRUCTION OF STATUTE.

In Rev. St. § 1038 [U. S. Comp. St. 1901, p. 723], providing that "any District Court may, by order entered on its minutes, remit any indictment pending therein to the next session of the Circuit Court for the same district, * * * and thereupon the proceedings in such case shall be the same in the Circuit Court as if such indictment had been originally found and presented therein," the word "session" is used as meaning an actual sitting of the court for the transaction of business, and not in the sense of "term," and the Circuit Court has jurisdiction to proceed with a case so remitted at the then current term.

Regular terms of the Circuit and District Courts of the United States for the district of Nebraska are required to be held at Omaha commencing on the first Monday in May and on the second Monday in November of each year. December 17, 1903, during the November term of the District Court held at Omaha, the grand jury returned into that court an indictment against Charles H. Dietrich, charging him with bribery under section 1781 of the Revised Statutes [U. S. Comp. St. 1901, p. 1212]. The November term of the Circuit Court held at Omaha was adjourned December 24, 1903, to December 28th following, and then, by successive adjournments, to January 4, 1904. December 26, 1903, during its November term, the District Court, acting under section 1038 of the Revised Statutes [1 U. S. Comp. St. 1901, p. 723], remitted the indictment named to the next session of the Circuit Court for that district.

W. S. Summers, U. S. Atty., and S. R. Rush, Asst. U. S. Atty.

John C. Cowin and R. A. Batty, for defendant.

Before VAN DEVANTER, Circuit Judge, and MUNGER, District Judge.

VAN DEVANTER, Circuit Judge (after stating the facts as above). The question of jurisdiction presents itself in every case, and must be answered by the court, whether propounded by counsel or not. In this case the query arises whether, upon the remission of an indictment from the District Court to the Circuit Court under section 1038, the Circuit Court may try and dispose of the case at a then current term, or must defer such proceedings until the term beginning

next after the entry of the order of remission. The pendency of several indictments in like situation as this, and the propriety of determining the question in advance of the trial, have caused us to carefully consider it, although not as yet raised by counsel. Section 1038, Rev. St. [U. S. Comp. St. 1901, p. 723], reads:

"Any District Court may, by order entered on its minutes, remit any indictment pending therein to the next session of the Circuit Court for the same district, when, in the opinion of such District Court, difficult and important questions of law are involved in the case; and thereupon the proceedings in such case shall be the same in the Circuit Court as if such indictment had been originally found and presented therein."

The query stated will be answered or resolved by ascertaining the true meaning of the word "session" as here used. It does not have a single fixed and definite meaning, but is variously used in statutes and constitutions. As applied to courts, the senses in which it is used are illustrated by Drew v. Judges, 3 Hen. & M. (Va.) 1, 3 Am. Dec. 639, 645; Lipari v. State, 19 Tex. App. 431; In re Gannon, 69 Cal. 541, 545, 11 Pac. 240; Falltrick v. Sullivan, 119 Cal. 613, 619, 51 Pac. 947; Bryan v. Pinney (Ariz.) 17 Pac. 97; Mansfield v. Mutual, etc., Ins. Co., 63 Conn. 579, 29 Atl. 137; Commonwealth v. Gove, 151 Mass. 392, 24 N. E. 211; MacNaughton v. South, etc., Co. (C. C.) 19 Fed. 881; Stefani v. State (Ind.) 24 N. E. 254; McMullan v. United States, 146 U. S. 360, 13 Sup. Ct. 127, 36 L. Ed. 1007; United States v. Pitman, 147 U. S. 669, 13 Sup. Ct. 425, 37 L. Ed. 324. As applied to legislative bodies and other assemblies, the senses in which it is used are illustrated by People v. Auditor, 64 Ill. 82, 87; Williams v. Nashville, 89 Tenn. 494, 15 S. W. 364; People v. Fancher, 50 N. Y. 288, 294; John V. Farwell Co. v. Matheis (C. C.) 48 Fed. 363; Ravenscraft v. Comm'rs (Idaho) 47 Pac. 942; Heim v. Brammer (Ind. Sup.) 44 N. E. 638. These cases show that the word is sometimes employed to indicate an actual sitting of a court, legislative body, or other assembly, not interrupted by adjournment; that at other times it is employed to indicate an actual sitting continued by adjournments in ordinary course from day to day, or over Sundays and holidays, but not interrupted by adjournment to a distant day; and that at still other times it is employed as the equivalent of "term"—that is, to indicate the entire period intervening between the convening of a tribunal or assembly and its final adjournment. The true meaning is ascertained in each instance by reference to the context and the object of the statutory or constitutional provision under consideration.

Lexicographers ascribe to the word the same variety of meaning. The definition given in Abbott's Law Dictionary is:

"A sitting; sometimes used for the time during which any body of persons or tribunal is organized, competent for transaction of its business; in other connections, the time during which it is convened and actually engaged in business. * * * In respect to courts, where 'term' takes the place of 'session' to express the period during which the tribunal is organized and competent for transaction of business, the double meaning of 'session' is less noticeable. It generally imports an actual sitting, but not necessarily; it may be used as equivalent to term."

Black's Law Dictionary gives this definition:

"The sitting of a court, legislature, council, commission, etc., for the transaction of its proper business. Hence, the period of time, within any one day, during which such body is assembled in form, and engaged in the transaction of business, or, in a more extended sense, the whole space of time from its first assembling to its prorogation or adjournment sine die."

Burrill says:

"The sitting of a court; the sitting of justices or judges in court; the time during which a court is held. Frequently used in the plural, 'sessions,' like the word 'sittings.'"

Bouvier says:

"The time during which a legislative body, a court, or other assembly, sits for the transaction of business; as, a session of Congress, which commences on the day appointed by the Constitution, and ends when Congress finally adjourns before the commencement of the next session; the session of a court, which commences at the day appointed by law, and ends when the court finally rises. A term."

The Encyclopædia of Pleading and Practice, vol. 21, pp. 599, 560, says:

"A term of court is a definite and fixed time or season of the year prescribed and set apart for the dispatch of judicial business.

"A session of court is the time during a term in which the court sits for the transaction of business."

The Century Dictionary includes the following among the word's meanings:

"(2) The sitting together of a body of individuals for the transaction of business; the sitting of a court, academic body, council, legislature, etc., or the actual assembly of the members of these or any similar body for the transaction of business; as, the court is now in session (that is, the members are assembled for business).

"(3) The time, space, or term during which a court, council, legislature, or the like meets daily for business, or transacts business regularly without breaking up. Thus, a session of the legislature commonly means the period from its assembling to its adjournment for the year or season, in contradistinction to its daily sessions during that period. * * * The session of a judicial court is called a 'term.'"

In McMullan v. United States, supra, it is said by Mr. Justice Harlan, speaking for the court:

"When the court is open by its own order for the transaction of business, it is in session within the meaning of this section (Rev. St. § 829 [U. S. Comp. St. 1901, p. 636]). If the court by its own order is closed for all purposes of business for an entire day or for any given number of days, it is not in session on that day or during those days, although the current term has not expired."

Enough has been said to make it clear that, depending upon the application of established rules of interpretation, the next session of the Circuit Court, within the contemplation of section 1038, is either the actual sitting of that court for the transaction of business occurring next after the entry of the order of remission, or the term of that court beginning next after the entry of that order. Generally, two terms of the Circuit Court are provided for in each district, but in some instances Congress has provided for more than two terms or for only one. There has long been a general practice to substantially

continue or prolong each term until the beginning of the next. This is accomplished by adjournments in ordinary course from day to day, or over Sundays and holidays, so long as the prompt, orderly, and convenient dispatch of the business of the court suggests that course, and by adjournments for longer periods at other times. The court is thus not for any great length of time wholly closed to those whose rights or material convenience will necessarily suffer by the postponement to the next term of litigation or business in which they are concerned. It follows that, if the remission is to the next actual sitting of the Circuit Court for the transaction of business, it will not generally or materially delay or postpone the trial or disposition of the case remitted, while if the remission is to the term beginning next after the entry of the order of remission the trial and other proceedings will generally be materially delayed and postponed, and possibly to the prejudice of the accused or of the government. The purpose of remitting an indictment to the Circuit Court under section 1038 is to place the case in a position where questions of law deemed by the District Court to be difficult and important may be considered and determined by the circuit justice or a circuit judge while the case is yet in a trial court. The accomplishment of this purpose is not necessarily or generally dependent upon the case going to the next term of the Circuit Court. At the very time when the order of remission is entered in the District Court the circuit justice or a circuit judge may be presiding at the sittings of the Circuit Court, or may be expected to preside thereat in the near future; and in any event the presence of the circuit justice or of a circuit judge at the next term cannot be anticipated with greater certainty than can his presence at some adjourned sitting of the existing term, if one be running when the order of remission is entered.

The "session" to which the remission may be made is not spoken of as a regular session, or a session fixed by law, nor is it otherwise referred to in a manner implying that the word is used with the meaning of "term." On the contrary, there is that in the section which shows that the word is used in the sense of an actual sitting of the court for the transaction of business. The remission is to be, not simply to the Circuit Court, but to the next session of that court— that is, the first of its subsequent sessions. This strongly suggests an intention that the transfer from one court to the other shall result in as little delay as possible. That intention is emphasized by the provision "and thereupon"—that is, upon the entry on the minutes of the District Court of the order remitting the indictment to the next session of the Circuit Court—"the proceedings in such case shall be the same in the Circuit Court as if such indictment had been originally found and presented therein." An indictment originally found and presented in the Circuit Court may be proceeded upon at any subsequent sitting of the court during the term in which the indictment is found and presented, as well as during a later term, and it ought to be proceeded upon as soon as the business of the court and opportunity for due preparation on the part of the accused and the government will permit. Section 1038 upon its face seems to answer our query, and to show unmistakably that the word "session" is therein

employed in the sense, not of "term," but of an actual sitting of the court for the transaction of business.

Other considerations lead to the same result. In all criminal prosecutions in the federal courts the accused is, by the sixth article of the amendments to the Constitution, entitled to a speedy trial. Congressional legislation affecting the proceedings in such prosecutions must be read in the light of this guaranty, and any ambiguity or uncertainty in the language employed by Congress must be resolved in harmony therewith. Aside from this personal right of the accused, public policy requires that the business in the judicial tribunals, and especially that relating to criminal accusations, be transacted with reasonable dispatch; and, where a statute affecting judicial procedure is reasonably susceptible of an interpretation which makes it a direction for prompt action, that interpretation is to be preferred to one which makes it a direction for delay. Uniform judicial usage and practice, especially where long continued, give to the terms of a statute, otherwise ambiguous or uncertain, a settled and defined meaning. Sections 1037, 1038, and 1039 of the Revised Statutes [1 U. S. Comp. St. 1901, p. 723] deal with the subject of remitting indictments from the District Court to the Circuit Court, and section 1037 also makes provision for remitting indictments from the Circuit Court to the District Court. Section 1039 relates to indictments for capital offenses, and remission in such cases, being mandatory, is more frequent than remission under the other sections; but each section uses the words "next session" in the same connection, and without doubt they have the same meaning in each. United States v. McKee, 4 Dill. 1, 26 Fed. Cas. 1112 (No. 15,687), is a case where an indictment found and presented in the District Court for the Eastern District of Missouri at its November, 1875, term was remitted, under section 1037, to an adjourned session of the then current September, 1875, term of the Circuit Court. The question here under consideration was not there raised or discussed, although the proceedings resulted in a conviction; but that case is understood to represent a usage and practice in the several districts of this circuit which prevailed at that time, and which has been continued ever since. Jones v. United States, 137 U. S. 202, 11 Sup. Ct. 80, 34 L. Ed. 691, and Smith and Key v. United States, 137 U. S. 224, 11 Sup. Ct. 88, 34 L. Ed. 700, are cases, as shown by the printed transcripts in the Supreme Court, where indictments for capital offenses found and presented in the District Court for the District of Maryland were, on November 14, 1889, remitted, under section 1039, to a session of the Circuit Court to be held the next day, and which was one of the adjourned sittings of a term of that court begun on November 4th preceding. The trial began November 15th, the defendants were convicted, and the judgment of conviction was affirmed in the Supreme Court. Although containing no discussion of the question here under consideration, these cases tend to illustrate that the usage and practice prevailing in this circuit is general, and is accepted by the courts of the United States as fully contemplated and authorized by the sections named.

Our conclusion is that we can now, at this adjourned session or sitting of a term begun before the order of remission was entered in

the District Court, proceed to the trial and disposition of this and other remitted cases, in like manner as if the indictments had been originally found and presented in this court.