RAKOWSKI v. WAGONER,. *County Judge.*

(No. 894.   Opinion Filed July 13, 1909.)

(103 Pac. 632.)

1. **CONSTITUTIONAL LAW—Construction in Favor of Constitutionality—Two Interpretations.** If a statute is susceptible of two interpretations, that should be adopted which gives the statute the effect evidently intended by the Legislature, especially if the other construction would render the same invalid.

2. **COURTS—Place of Holding—Statutory Provisions.** In the act of the Legislature of 1909, entitled "An act providing for holding county court at the town of Prague. in Lincoln county," the words "term" and "session" are used interchangeably.

3. **STATUTES—Special Laws—Applicability of General Law.** A local and special law authorized by section 13, art. 7 (Bunn's Ed. sec. 185; Snyder's Ed. p. 221), does not come within the inhibition of section 59, art. 5 (Bunn's Ed. sec. 132; Snyder's Ed. p. 181), of the Constitution, providing that "where a general law can be made applicable no special law shall be enacted."

4. **STATUTES—Enactment—Notice of Introduction.** Where a special or local law has been passed by the Legislature, after notice of the intended introduction of said bill has been published and verified proof thereof filed with the Secretary of State, under the terms of section 32, art. 5 (Bunn's Ed. sec. 105; Snyder's Ed. p. 149), of the Constitution. and a certified copy thereof from the Secretary of State is filed with the record in this court, and the sufficiency of such notice is not questioned, it will be deemed here to have been sufficient.

5. **CONSTITUTIONAL LAW—Construction—Constitutionality Favored.** A statute will not be declared invalid as being repugnant to the provisions of the Constitution, unless such repugnancy is clear and appears beyond a reasonable doubt.

(Syllabus by the Court.)

Original application for a writ of prohibition by Casper Rakowski against Fred A. Wagoner, County Judge. Writ denied.

*E. A. Foster, C. B. Wilson, Jr.,* and *J. B. A. Robertson,* for plaintiff.

*M. D. Owen* and *John J. Davis,* for defendant, citing: *Massey v. Dunlap,* 146 Ind. 358; *Robinson v. Varnell,* 16 Tex. 382;

*Waller v. Harris,* 20 Wend. (N. Y.) 555; *Corning v. Meade Co.,* 102 Fed. 57; *Ravenscraft v. Com'rs* (Idaho) 47 Pac. 943; *Commonwealth v. Brown* (Pa.) 11 Phila. 370; *McNaughton v. Railroad Co.,* 19 Fed. 881; *Doles v. Hilton,* 48 Ark. 308; *Helm v. Chapman,* 66 Cal. 291; *Edwards v. Marton,* 92 Tex. 152; *In re Matthews,* 109 Fed. 518; *Gilbert v. Morgan,* 98 Ill. App. 281; *Ct. L. Ins. Co. v. Tubot,* 113 Ind. 273; *Small v. Small,* 129 Pa. 366; *Wassell v. Tunnah,* 25 Ark. 101; *Cincinnati, etc., Co. v. Avondale,* 43 Ohio St. 257; Sutherland's Stat. Const., sec. 332; Cooley's Const. Lim., page 253; *State v. Ins. Co.,* 66 Ark. 466; *Waterman v. Hawkins,* 75 Ark. 120.

WILLIAMS, J.   The issue in this case involves the validity of an act of the Legislature of 1909, known as "House Bill No. 460," entitled "An act providing for holding county court at the town of Prague, in Lincoln county." Said act was passed by virtue of the authority of section 13, art. 7 (Bunn's Ed. § 185; Snyder's Ed. p. 221), of the Constitution of Oklahoma, which provides:

" * * * The county court shall be held at the county seat, but the Legislature may provide for holding sessions of the county court at not more than two additional places in the county: Provided, that alternate sessions of county court in La Flore shall be held at Talihina."

It is insisted by the plaintiff that said act is void, for the reason that it appears that it was the intention thereby to establish a separate county court at Prague, and one of the reasons given in support of this contention is the use of the word "term" in place of the word "session."

It is a well-settled rule of construction, in determining the meaning of an act, to consider the entire act in the light of its context. Now, it was clearly the purpose of the Legislature to provide for holding county court at the town of Prague, in Lincoln county. Such court is a creature of the organic law, and not of the Legislature. Section 11, art. 7 (Bunn's Ed. § 181; Snyder's Ed. p. 219), of the Constitution, provides:

"There is hereby established in each county in this state a county court, which shall be a court of record. * * * The county judge shall be judge of the county court."

It is a settled rule of construction that if there are two reasonable interpretations to be placed upon an act, óne rendering it valid and the other invalid, that is to be adopted which tends to validity. The purpose of this act being for holding county court at the town of Prague, if it was contemplated to provide for holding sessions of the county court except in addition to the county seat, it would be void, for two separate and independent county courts cannot be created by the Legislature for a county. We are to construe this act as an entirety, with a view to give effect to each portion thereof, if practicable, but, if not, to let that part fall which cannot be reasonably harmonized with the apparent intention of the lawmakers.

"There shall be held equal number of terms of the county court in the town of Prague with the county seat of Lincoln county." When an equal number of terms of county court are held at the town of Prague, in Lincoln county, why is not that, in the light of this act as an entirety, equivalent to "alternative sessions of the county court in Lincoln county to be held at Prague"? Whilst the word "term" is more comprehensive than the word "session," yet in this act they seem to have been used interchangeably. In section 4 it is provided:

" * * * and the jurors to serve at a session of court held at Chandler shall be drawn out of the box containing the 'Chandler Jury List' and the jurors to serve at a session of court held at Prague shall be drawn out of the box containing the 'Prague Jury List.' "

Under the most technical construction, a term of court cannot be held at Prague without a session of court being held there. It is provided:

"The board of county commissioners of Lincoln county shall make two lists of names of two hundred persons each, all of whom shall possess the qualifications of jurors, as prescribed by law. One of the lists shall be marked 'Chandler Jury List' and the other shall be marked 'Prague Jury List' and the lists shall be delivered

to the county judge of Lincoln county, who shall place said lists, as provided by law, in separate boxes, and shall mark one box 'Chandler Jury List,' and the other box 'Prague Jury List,' " etc.

These lists being delivered to the county judge, what court does he hold? None but the county court. And when he holds court at Prague it can but be the county court, and can only be done by virtue of the act of the Legislature, as authorized by section 13, art. 7, of the Constitution.

Construing this act, in view of the context, including the constitutional provisions relating to county courts, to give effect to the intention of the lawmakers, and permit same to stand, if reasonably practicable, if from the act, including its title, and the sections of the Constitution authorizing such act, it is apparent that a word or words are used not in their technical, but familiar or popular sense, and by the adoption of the former meaning the act falls, but by the latter it stands, such familiar or popular meaning will be adopted. *Commonwealth v. Kimball,* 24 Pick. (Mass.) 366; *U. S. v. Hartwell,* 6 Wall. 385, 18 L. Ed. 830; *Nance v. Southern Ry. Co.,* 149 N. C. 366, 63 S. E. 116; *Massey v. Dunlap,* 146 Ind. 358, 44 N. E. 641; *Robinson v. Varnell,* 16 Tex. 382; *Waller v. Harris,* 20 Wend. (N. Y.) 555, 32 Am. Dec. 590; *Corning v. Meade County,* 102 Fed. 57, 42 C. C. A. 154. The case of *Ravenscraft et al. v. Board of County Commissioners,* 5 Idaho, 178, 47 Pac. 943, sustains the use of the words "term" and "session," in view of the context, as interchangeable. See, also, *State v. Vicknair,* 118 La. 963, 43 South. 635; *MacNaughton v. Southern, etc., R. Co.* (C. C.) 19 Fed. 881; *Com. v. Brown,* 11 Phila. (Pa.) 370; *Doles v. Hilton,* 48 Ark. 308, 3 S. W. 193; *Helm v. Chapman,* 66 Cal. 291, 5 Pac. 352; *Edwards v. Morton,* 92 Tex. 152, 46 S. W. 792; *In re Matthews* (D. C.) 109 Fed. 618; *Gilbert v. Morgan,* 98 Ill. App. 281; *Conn. Life Ins. Co. v. Talbot,* 113 Ind. 373, 14 N. E. 586, 3 Am. St. Rep. 655.

Section 5 of the act provides that:

"No cost or expense on account of said court shall be a charge against said county, except the actual and necessary travel-

ing expenses of the county judge and his clerk or stenographer while going to and returning from Prague in attendance on said court."

This clearly shows that the clerk of the county court, which, except by virtue of section 13, art. 7, of the Constitution, is to be held at the county seat, except that the Legislature may provide for holding sessions at not more than two additional places, shall also be the clerk of said court while holding terms or sessions at Prague. With the act providing that the court, whilst sitting or being held at Prague, shall have concurrent jurisdiction with the court as held at the county seat, it is clearly within the limitations of the Constitution under the intendment that it was the purpose of the Legislature merely to provide for an additional place in said county at which sessions of the county court might be held.

If we had any doubt as to the words "term" and "session" being used interchangeably in this act, it would be dispelled by reference to an act of the Legislature of Oklahoma of 1909, entitled "An act providing for terms of the county court in the several counties of the state of Oklahoma." Section 1 of said act provides that:

"In the several counties of this state, commencing on the first Mondays of January, April, July and October of each year, except as otherwise herein provided, county court shall convene at the county seat and continue in session so long as the business may require: Provided, that said court shall always be open for the transaction of all probate business in their respective counties."

Section 2 provides that said court shall convene at the places designated in said section, and continue in session for the period of three weeks. Section 3:

"If there is only one place other than the county seat at which it is provided by law for holding terms of the county court, the terms of said court at such place shall commence on the first Mondays of February, May, August and November of each year, and continue in session for the period of three weeks," etc.

Section 4: "If there are two places in the county other than the county seat at which it is provided by law for holding

terms of the county court in addition to the county seat, the term of court shall be held at said place nearer the county seat * * * on the first Mondays of February, May, August and November of each year," and at the other place in said county than the county seat, to wit, "the place further away from the county seat, terms of court shall be held commencing on the first Mondays of March, June, September and December of each year," etc.—

clearly showing a legislative construction of the intention to use the words "term" and "session" interchangeably. Said act being passed by the same Legislature that passed the act providing for the holding of court at Prague still more strengthens and confirms such construction.

We conclude that it was the intention of the Legislature merely to provide for an additional place to hold county court, other than at the county seat, in said county, and that the word "term" was used in the sense of "session."

It is further insisted that the Legislature has fixed the number of terms that the county court may hold, and also the time for holding the same, and that said act provides for equal terms to be held at Prague. It is not necessary to pass upon this question in order to dispose of this hearing on the return to the preliminary writ of prohibition.

It is next insisted that this is a special law, in the sense that no special law shall be enacted where a general law can be made applicable. Section 59, art. 5, of the Constitution does not apply to such an act as is here in question, as this act is specially authorized under section 13, art. 7.

Section 32, art. 5 (Bunn's Ed. § 105; Snyder's Ed. p. 149), of the Constitution, provides that:

"No special or local law shall be considered by the Legislature until notice of the intended introduction of such bill or bills shall have first been published for four consecutive weeks in some weekly newspaper published or of general circulation in the city or county affected by such law, stating in substance the contents thereof, and verified proof of such publication filed with the Secretary of State."

The plaintiff does not urge that this act is invalid on account of this section. However, the defendant has filed a copy of such notice, duly certified to by the Secretary of State, and the sufficiency of same is not questioned in this proceeding.

We feel that it is our duty to sustain this act. unless it appears beyond a reasonable doubt to be repugnant to some provision of the Constitution, and under the well settled and recognized rule that that construction is to be adopted, if reasonably practicable, which will carry out the purpose of the makers and at the same time render the act valid, we are constrained to hold that said act is valid.

The preliminary writ of prohibition is discharged, and the permanent writ denied.

Dunn, Hayes, and Turner, JJ., concur; Kane, C. J., not participating.