Scofield, J.,
delivered the opinion of the court:
The only'question involved in this case is whether a clerk of the United States District Court can lawfully claim per diem compensation for days on which the court meets in actual session, but adjourns without transacting any business.
In the case of Jones v. The United, States (21 C. Cls. R., 1), in which the same question was presented, the court said:
“ The law of the case is presented in the following extract from section 828 of the Revised Statutes, which prescribes the fees of the clerks:
“ ‘ For traveling from the office of the clerk, etc,, * * * and five dollars a day for his attendance on the court while actually in session.’
“Was the court i actually in session,’ within the meaning ■of this section, on those days in which it met, at the time and place appointed by law, but adjourned without transacting any business %
“ Upon that question this court entertains no doubt. The court was not the less in actual session because no suitors appeared, nor because for any other reason the court, in its discretion, adjourned to a future day. The clerk’s fee became taxable when the court assembled and opened for business, regardless of the time of adjournment.”
The counsel for the defendant, in his printed brief, states that—
“ The accounting officers of the Treasury, notwithstanding the decision in that case, still maintain the view that simply opening and adjourning the court is not such public business as would entitle the clerk to charge per diems.”
*144 The great respect entertained for the opinion of these officers by the judges of this court has induced them very carefully to reconsider the question, but only to arrive at the same conclusion.
If the law had provided pay by the half day, hour, or minute, there would be no difficulty in making an apportionment of the fees according to the time consumed. But i Lie prescribed fee is “ five dollars a day for attendance while in actual session.”
How long must a court remain in actual session to make a court day ? Nobody would say the whole day — that is, twenty-four hours. How many hours, then, are required? We find no rule by which to divide the day. On some days the court may sit ten or fifteen hours ; on others, only as many minutes; but the attendance of the clerk is required on each of these days, and the law gives him the same compensation.
Whenever there is such an actual session of the court as requires the attendance of the clerk, although he may be called upon to perform no duty except to record the facts that the court assembled at the time and place fixed by law; that the judge was present, and the court was regularly opened for business, and then adjourned to some future time, we see no way to avoid the conclusion that this constitutes a court day, for which the clerk is entitled to his fee.
Judgment will be entered for $560.