## McMULLEN v. UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 55. Submitted November 22, 1892. — Decided December 5, 1892.

For the purpose of determining the amount of compensation to be paid to a marshal of the United States for attending Circuit and District Courts, under Rev. Stat. § 829, *Held* that the court is "in session" only when it is open by its order, for the transaction of business, and, that if it be closed by its own order for an entire day, or for any given number of days, it is not then in session, although the current term may not have expired.

The allowance of a marshal's account by the court does not preclude a revision of it by the proper officers in the treasury, nor justify its payment when it appears that such allowance was unauthorized by law.

THE appellant was United States marshal for the District of Delaware from February 1, 1880 to July 24, 1885. The terms of the District Court for that district began on the second Tuesdays in January, April, June and September in each year, and continued until the Friday or the day preceding that for opening the next succeeding term. The terms of the Circuit Court began on the third Tuesdays in June and October in each year, and continued until the Tuesday or the day preceding that for opening the next succeeding term.

It is found by the Court of Claims (Finding II) that the appellant as marshal "attended the Circuit and District Courts when in session, during the terms of said courts, nine hundred and five days;" that those days were charged by him in his account at $5 per day; that the account, being verified, was approved by the court as just and in accordance with law, but its payment was refused at the Treasury Department; and that appellant's whole compensation, if the above charges were added, would not have exceeded in any one year the maximum of $6000.

Finding VII was in these words: "Claimant has been paid in full at the rate of $5 per day for every day whilst the Circuit and District Courts of the United States in the State of Delaware

were sitting or in session from and including October term, 1879, to and including June term, 1885. The 905 days referred to in finding II were days occurring between sessions of the courts."

*Mr. Charles C. Lancaster* for appellant.

*Mr. Assistant Attorney General Cotton* for appellee.

MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

We are somewhat embarrassed by the obscurity of the findings of fact. The second one states that appellant attended the Circuit and District Courts, "when in session," during the terms of those courts, nine hundred and five days, while the seventh states that those were days occurring "between sessions of the courts." But we assume that the question intended to be presented, and which was determined below, involved the right of a marshal to compensation at the rate of $5 per day, for each day of a *term*, whether the court was or was not actually in session or sitting on each day so charged. We understand the words "between sessions of the courts" to imply that there were intervening days, between those sessions, when the court, by its own action, was not open, or did not sit, for the transaction of business.

This question depends upon the construction to be given to that clause of section 829 of the Revised Statutes, fixing the compensation to be taxed and allowed to a marshal for different kinds of service, which provides that he shall be allowed "for attending the Circuit and District Courts, when both are in session, or either of them when only one is in session, and for bringing in and committing prisoners and witnesses during the term, five dollars a day." When the court is open, by its order, for the transaction of business, it is in session within the meaning of this section. If the court by its own order, is closed for all purposes of business for an entire day, or for any given number of days, it is not in session on that day, or

during those days, although the current term has not expired. It is made by statute the duty of the marshal of each District "to attend the District and Circuit Courts when sitting therein." Rev. Stat. § 787. Within its meaning the court cannot be said to be sitting on any day when it is closed, by its own order, during the whole of that day for purposes of business.

In support of his position appellant relies upon the decision in *United States* v. *Jones*, 134 U. S. 483, 488, where it was held that the approval of a commissioner's account by a Circuit Court of the United States, under the act of February 22, 1875, 18 Stat. 333, c. 95, regulating fees and costs, was *primâ facie* evidence of the correctness of its items, and "in the absence of clear and unequivocal proof of mistake on the part of the court it should be conclusive." That case is not decisive of the present one, because it appears that the Circuit Court, in approving appellant's account, allowed him, by mistake, for attending court upon days when the court was not in session. Besides, the above act, relating to the accounts of various officers, including marshals, payable out of the money of the United States, provides that nothing contained in it shall be deemed in anywise to diminish or affect the right of revision of the accounts to which it applies by the accounting officers of the Treasury as exercised under the previous laws in force. So that the allowance of the appellant's account by the court did not preclude all revision of it by the proper officers, nor justify its payment where it appeared, as it does in this case, that such allowance was unauthorized by law.

It results that the claim of the appellant to be compensated at the rate of $5 per day, for each day "between sessions of the court," was properly disallowed. 24 Ct. Cl. 394.

*Judgment affirmed.*