# UNITED STATES *v.* PITMAN.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF RHODE ISLAND.

No. 699. Submitted January 9, 1893. — Decided March 6, 1893.

Marshals are entitled to per diem fees for attendance when attending under §§ 583, 584, 671, 672 and 2013 Rev. Stat., the same as if the judge were present and business were transacted.

THIS was a petition for per-diem fees as clerk of the Circuit and District Courts of the United States for the District of Rhode Island. Petitioner claimed for 108 days' attendance under Revised Statutes, sections 672 and 583, and averred that, notwithstanding the rendition of the services claimed and the approval of his account by the court, and notwithstanding that the marshal, the crier and one of the bailiffs had received pay for attendance upon a portion of the days enumerated in his petition, to which fact the attention of the First Comptroller was called, the accounting officer of the Treasury declined to allow the same. With respect to certain of the days the court found that they "were days on which sessions of the said Circuit Court were appointed to be holden by the presiding judge thereof, and that the said Pitman attended on said days at the time and place of holding said court accordingly, and that no judge was present to preside at said court on said days, and that said court on said days was adjourned by and pursuant to a written order signed by one of the judges of said court and directed alternatively to the marshal and in his absence to the clerk, to a day and time fixed and limited in said order;" and that certain other days "were days on which sessions, terms, and sittings of the said District Court were appointed to be holden by the presiding judge thereof," and that otherwise the facts were the same as in the former case. Upon this state of facts the court entered a judgment for the petitioner in the sum of $495, (45 Fed. Rep. 159,) and the United States appealed.

*Mr. Solicitor General* and *Mr. Felix Brannigan* for appellants.

. *Mr. Henry Pitman* in person.

MR. JUSTICE BROWN delivered the opinion of the court.

This case depends upon the construction to be given to Revised Statutes, § 828, wherein there is allowed to the clerk " five dollars a day for his attendance on the court while actually in session," taken in connection with § 583, which provides that "if the judge of any District Court is unable to attend at the commencement of any regular, adjourned or special term, the court may be adjourned by the marshal, by virtue of a written order directed to him by the judge, to the next regular term, or to any earlier day, as the order may direct;" and with § 672, which contains a similar provision with regard to the absence of the judges of a Circuit Court. The practice in the District of Rhode Island is stated in the opinion of the court below, to be " that the courts shall meet at the time fixed by law and transact such business as may then appear, and thereafter shall hold by successive adjournments and appointments at short intervals a substantially continuous session until the next succeeding day for the commencement of a regular term. During the continuance of these sessions the judges have attended in court here whenever their engagements did not take them elsewhere, and on the occasion of their absence or expected absence, for a time which might be definitely fixed, or which was indeterminate by reason of the doubtful exigencies of business elsewhere, they have sometimes, as in this case, made provision for adjournments according to the terms of sections 583 and 672."

Whether this practice be conducive to the convenient dispatch of business or not, is a question for the judge to determine. After the term of a court has been regularly opened upon the day provided by law, the question how long it shall remain open, to what day it shall be adjourned, and whether and how often it shall be opened for incidental business after

the regular business of the term has been concluded, is a matter which rests in the discretion of the presiding judge.    It is presumed that he will act in this particular in what he conceives to be the interest of the public, and that he will put the government to no unnecessary expense.    It is clearly the duty of the officers of the court to be present at the adjourned day, and to obey the written order of the judge with respect to any further adjournment, and there is no reason why they should not receive their per-diems therefor as if the judge were actually present.    It was held by this court in the case of *McMullen* v. *United States*, 146 U. S. 360, that when the court is open, by its order, for the transaction of business, it is in session within the meaning of this section, " but that if the court, by its own order, is closed for all purposes of business for an entire day, or for any given number of days, it is not in session on that day, or during those days, although the current term has not expired."

We think the court should be deemed "actually in session" within the meaning of the law, not only when the judge is present in person, but when, in obedience to an order of the judge directing its adjournment to a certain day, the officers are present upon that day, and the journal is opened by the clerk, and the court is adjourned to another day by further direction of the judge.    That this was the construction placed upon these sections by Congress is evident by the civil appropriation act of March 3, 1887, 24 Stat. 509, 541, c. 362, which provided as follows: "Nor shall any part of any money appropriated be used in payment of a per-diem compensation to any attorney, clerk or marshal for attendance in court except for days when the court is open by the Judge for business, or business is actually transacted in court, and when they attend under sections five hundred and eighty-three, five hundred and eighty-four, six hundred and seventy-one, six hundred and seventy-two, and two thousand and thirteen of the Revised Statutes, which fact shall be certified in the approval of their accounts."

Attendance upon the days when the court is opened under the provisions of these numbered sections is put by Congress

upon the same footing as if the judge were actually present, and business were actually transacted. The restriction of per-diems to days when the court is actually in session was probably intended to be construed and explained in connection with section 831, which provides that no per-diem or other allowance shall be made for attendance at rule days.

There was no obligation on the part of plaintiff to prove that the District Court was not in session on the days allowed for attendance at the place of holding the Circuit Court; or that the Circuit Court was not in session on the days allowed for attendance at the place of holding the District Court. The findings of fact, however, show that the plaintiff is entitled to but 98 days' attendance, instead of 99, and the judgment should, therefore, be reduced $5.

This deduction being made, the judgment of the court below is

*Affirmed.*