## UNITED STATES v. ALDRICH et al.

### (Circuit Court of Appeals, First Circuit. September 29, 1893.)

#### No. 49.

1. UNITED STATES MARSHAL—PER DIEM FEES.
The provision in the act of August 4, 1886, (24 Stat. 253,) that no part of the money thereby appropriated should be used in payment of per diem compensation, except when business was actually transacted in court, merely related to that appropriation, and the legal right to per diems remained the same as before.

2. SAME.
Under Rev. St. § 829, a marshal is entitled to his per diem when he attends court because he is required to attend, even though no judge is present, and no business is transacted; and it is immaterial that the record does not show whether there was any written order directing the opening of the court. U. S. v. Pitman, 13 Sup. Ct. Rep. 425, 147 U. S. 669, followed.

In Error to the Circuit Court of the United States for the District of Rhode Island.

At Law. Action by the United States against Elisha S. Aldrich and another, executors of James H. Coggeshall, to recover moneys paid to said Coggeshall, as United States marshal, for attendance on court, etc. The case was submitted on an agreed statement of facts. Judgment was rendered for the United States for $15.20, and it appeals therefrom. Affirmed.

Charles E. Gorman, U. S. Dist. Atty. for R. I., (Frank D. Allen, U. S. Dist. Atty. for Mass., on the brief,) for the United States.

Henry Marsh, Jr., and James M. Ripley, for defendants in error.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PUTNAM, Circuit Judge. The United States waive all question except as to the items in paragraph 1, 2, 3, and 4 of the agreed statement. The item in paragraph 1 was disallowed by the circuit court, and, with the commissions on it, constitutes the amount of the judgment below for $15.20, and there is now no question touching it.

The items in paragraph 4, beginning August 6, 1886, and ending September 7, 1886, are claimed to be covered by the appropriation act of August 4, 1886, (24 Stat. 253,) which provided that no part of any money appropriated by that act should be used in payment of per diem compensation, except for days when business was actually transacted in court. This is not a prohibition of a per diem, but extends merely to that appropriation; so that the legal right to the per diem remained the same as though the act had not been passed, and the marshal stands, with reference to those days, precisely as he stands with reference to the others in items 2, 3, and 4. The appropriation act of March 3, 1887, (24 Stat. 541,) is of another character, and relates to all moneys thereafterwards appropriated. Therefore, this statute was held by the court of appeals for the eighth circuit, in U. S. v. Perry, 1 C. C. A. 648, 50 Fed. Rep. 743, to be a substantial amendment of the Revised Statutes touching the right to a per diem.

U. S. v. Pitman, 147 U. S. 669, 13 Sup. Ct. Rep. 425, seems to meet all the objections of the United States to the effect that a court is not in session for the purposes of a per diem when no judge is present; also, to the effect that the act of March 3, 1887, already referred to, does not furnish a legislative construction of the words "in session," occurring in Rev. St. § 829. Indeed, U. S. v. Pitman fully settles that under this section an officer present to attend a court, when required to be present, is entitled to his per diem whether the court is opened by the judge or not, or whether the judge is present or not.

The above suggestions dispose of all items in paragraphs 3 and 4, although it is particularly claimed by the United States that the record does not indicate that the court was in session for the days set out in paragraph 4 within the meaning of section 829; the point seeming to be that the agreed statement does not show whether the court remained open during the entire day, or whether it was opened, and forthwith adjourned. This is immaterial, under U. S. v. Pitman, as that case holds that the marshal is entitled to his per diem when he attends because he is required to attend, even though no judge is present, and no business is transacted.

A large portion of the argument of the United States is based on the claim, that it does not appear that there was any written order directing the opening or adjourning of the court on the days named in paragraph 2. It is of no consequence whether there was a written order adjourning from those days, because the only question, under U. S. v. Pitman, is whether the marshal was required to be then in attendance for whatever emergency might arise. Even if an improper attempt was made to then adjourn the court, it would not affect the right of the marshal to receive his per diem for those days; but the question, if any, would arise with reference to those to which the court was adjourned. No such question is made in this record. Neither is the mere fact that there was no written order directing the opening of the court material. If, by the expression, "no written order of the judge directing the opening," it was intended to mean that there was no written order of

the judge directing an adjournment to those particular days, even this would not go far enough, because there may be adjournments without a written order—in the district court, by the judge in person, and in the circuit court, by the judge in person, or under Rev. St. § 671, by the marshal in person. It appearing that a court was opened on the days named, it is to be presumed that it was regularly opened. This presumption cannot be met without negativing all the conditions providing for its opening, which the agreed statement fails to do.

On the whole, as this record stands, U. S. v. Pitman protects the marshal, as to his entire account, except item 1, already referred to.

Judgment of the circuit court affirmed.