UNITED STATES v. HILLYER et al.

(Circuit Court of Appeals, Ninth Circuit. November 14, 1893.)

No. 67.

1. UNITED STATES MARSHAL—FEES PAID TO OFFICERS OF THE UNITED STATES.
   A marshal is entitled to witness fees paid by him to officers of the United States by order of the court, the payment of which has been ordered by the court, under Rev. St. § 846, and for which no itemized account was presented or audited by such officers, notwithstanding the provisions of section 850, requiring them to furnish a sworn itemized account of such fees.

2. SAME—FEES PAID BY ORDER OF THE COURT.
   The allowance of the items under section 846, paid under order of the court, is not reviewable in an action against the marshal by the government to recover the same as paid contrary to law. McMullen v. U. S., 13 Sup. Ct. 127, 146 U. S. 360, distinguished.

3. SAME—UNITED STATES MARSHAL IN ALASKA—COMPENSATION.
   Under Act Cong. 1884, c. 53, § 9, fixing the salary of United States marshal in Alaska at $2,500 per annum, and providing that he shall pay the fees received by him into the treasury of the United States, he is required to pay over all fees received by him, whether for services rendered to the government or for those rendered to private litigants.

In Error to the District Court of the United States for the District of Alaska.

At Law. Action by the United States against Munson Curtis Hillyer, marshal for the district of Alaska, and James Carroll and others, sureties upon his official bond, to recover moneys retained, misappropriated, and paid out by said Hillyer contrary to law. A jury was waived, and the cause tried by the court, which rendered judgment for the United States, who, being dissatisfied with the judgment, brought error. Reversed.

Charles A. Garter, U. S. Atty., (Charles A. Shurtleff, Asst. U. S. Atty., on the brief,) for plaintiff in error.

George R. B. Hayes, (Stanley, Hayes, McEnerney & Bradley, on the brief,) for defendants in error.

Before McKENNA and GILBERT, Circuit Judges, and HAW-LEY, District Judge.

GILBERT, Circuit Judge. On the 4th of August, 1890, the United States filed a petition in the United States district court for Alaska against M. C. Hillyer, marshal of said district, and the sureties upon his official bond, to recover $3,941.89, moneys claimed to have been misappropriated to the use of said marshal, and paid out by him, contrary to law. Issue was joined upon the petition, and the court, after hearing the cause, made findings of fact and conclusions of law, and rendered judgment for the United States for $2,290.16 and costs. Not being satisfied with this judgment, the United States brings the record into this court upon writ of error.

The assignments of error refer wholly to the correctness of the conclusions of law arrived at by the court in allowing certain items of the marshal's account. One item allowed consisted of witness fees, amounting in the aggregate to $602.80. It is claimed that the payment of these fees was illegal, for the reason that the witnesses to whom the fees were paid were officers of the United States, and, as such, were not entitled to receive witness fees.

Section 850, Rev. St., provides:

"When any clerk or other officer of the United States is sent away from his place of business as a witness for the government, his necessary expenses, stated in items and sworn to, in going, returning and attendance on the court shall be audited and paid, but no mileage or other compensation in addition to his salary shall in any case be allowed."

It is not disputed that the witnesses referred to were officers of the United States. So far as appears from the record, no statement of expenses such as is required by the statute was ever presented or audited. All of the items included in this portion of the account, however, were paid under the order of the court, and were subsequently submitted to the court in the marshal's account, and the expenditure of said sums was approved.

Section 846, Rev. St., reads as follows:

"The accounts of district attorneys, clerks, marshals, and commissioners of circuit courts shall be examined and certified by the district judge of the district for which they are appointed before they are presented to the accounting officers of the treasury department for settlement. They shall then be subject to revision upon their merits by said accounting officers as in case of other public accounts, provided that no accounts of fees or costs paid to any witness or juror upon the order of any judge or commissioner shall be so re-examined as to charge any marshal for an erroneous taxation of such fees or costs."

It is contended on behalf of the plaintiff in error that under the construction given to this statute in the case of McMullen v. U. S., 146 U. S. 360, 13 Sup. Ct. 127, the allowance of these items is open to investigation in this action. In that case the matter under consideration was the account of the marshal for his fees for attendance upon the court. The supreme court construed that portion of section 846 which provides that after allowance by the court the account shall be then subject to revision by the accounting officers of

the treasury, and held that the allowance by the court does not preclude revision by the proper officers of the treasury, nor justify its payment if such allowance was unauthorized by law. That decision does not affect the construction to be given to the last clause of the section, the plain purport of which, as we construe it, is that no marshal shall be charged for erroneous fees paid by him to witnesses or jurors under the order of the court. Harmon v. U. S., 43 Fed. 560. We find no error in the allowance of these items by the court.

The principal assignment of error refers to the construction given by the court to the act of congress fixing the compensation of the marshal of Alaska, and brings in question the allowance of $1,682.69 fees for services rendered to the United States. The act creating a civil government for Alaska (23 Stat. 24, § 9) provides for the compensation of governor and marshal as follows:

"They shall generally receive the fees of office established by law for the several officers the duties of which have been hereby conferred upon them as the same are determined and allowed in respect to similar offices under the laws of the United States, which fees shall be reported to the attorney general and paid into the treasury of the United States. They shall · receive respectively the following annual salaries, * * * the marshal the sum of two thousand five hundred dollars, * * * payable to them quarterly from the treasury of the United States."

It is argued that, since all of these fees were earned by services rendered by the marshal in behalf of the United States, he had the right to apply any moneys in his hands to the payment of the same; and that, inasmuch as these fees had not been received by him as contemplated by the act, but were still owing to him from the government, they were not included among the fees which he was required to pay into the treasury of the United States; and reference is made to the following sections of the Revised Statutes, as supporting this construction:

"Sec. 856. The fees of district attorneys, clerks, marshals, and commissioners, in cases where the United States are liable to pay the same shall be paid on settling their accounts at the treasury. Sec. 857. The fees and compensation of the officers and persons hereinbefore mentioned, except those which are directed to be paid out of the treasury, shall be recovered in like manner as the fees of officers of the states respectively for like services are recovered."

We do not so interpret the act. We find in this act a provision that the marshal shall receive the usual fees of his office; that he shall report them to the attorney general, and pay them into the treasury; that he shall be paid an annual salary; and that he shall be allowed his necessary traveling expenses in discharging his official duties. While the words employed in the clause declaring that the marshal "shall receive the fees of office established by law" would include the fees incident to services rendered to the United States as well as those rendered at the instance of private individuals, the further provision that the fees so received shall be paid into the treasury is equally broad and comprehensive, and covers all fees received by the marshal, from whatever source. There is no warrant for holding that it was the intention of congress to confine the latter

provision to fees actually received by the marshal from private individuals, and to exclude therefrom fees allowed or paid to him by the government in the settlement of his accounts for services rendered to the United States. It necessarily follows that, if the fees in question are among those which the act declares the marshal shall receive, they are also included in the fees that the marshal shall pay into the treasury. It is the fees that he receives that he is to account for and pay over to the United States. Further evidence that such was the intention of congress is found in the clause which allows the marshal his traveling expenses. This is an absolute provision for all the expenses incurred by him in the discharge of his duties, whether in the service of private litigants or of the United States. The purport of the whole section is that the marshal shall receive as compensation a salary of $2,500 per annum, and nothing more.

Since a new trial of this cause must be ordered on account of the error already specified, we deem it unnecessary to discuss the remaining assignments. They refer principally to items of the marshal's expense account, and cover questions that can be better investigated in the trial court upon the evidence that shall be there adduced.

The judgment is reversed, and a new trial is ordered.