Davis, J.,
delivered the opinion of the court:
It is contended by plaintiff, who, during the period in controversy, was clerk of the district court of the United States for the eastern district of Virginia, that he is entitled to certain fees disallowed by the accounting officers. Among these are fees for attendance at the clerk’s office in Norfolk, Va., during 256 days when nojudge was present. Upon each of those days the clerk made upon the journal the following entry: “Court opened pursuant to section 574, R. S., U. S. Present, H. S. Ackiss, clerk. Office business transacted. * * * Adjourned * * * [usually the following day].”
The accounting officers have not allowed these charges, nor have they been paid. The account was approved late in 1894 by the district judge.
The business transacted oh the days in question was that usually transacted by clerks of court, such as making an entry on the court’s minutes that the court was open under section 574,Revised Statutes; the records were written up andindexed; papers in various causes were filed; orders and decrees of the court were entered, etc.
An illustration of the service performed is found in the following entries:
“May 23, 1894. Court opened pursuant to section 574, R. S., U. S. Present, H. S. Ackiss, clerk. Office business transacted.
“In the suit of the Chesapeake and Ohio Railway Company *287 against tbe barge Marie and cargo, tbe barge and cargo were sold by tbe marshal and tbe proceeds turned over to tbe clerk; vend. ex. returned executed, and filed; report of sale made and filed.
“ In the suit of tbe Nottingham and Wronn Company against tbe steamer Lucy, there were six petitions filed in this case and two stipulations or bonds given, executed, and filed.
“Adjourned to May 24,1894.
“ July 20,1894. Court opened pursuant to section 574, R. S., U. S. Present, H. S. Ackiss, clerk. Office business transacted.
“In tbe suit of Wm. Jones against the tug Pinner’s Point, steamer City of Chester, and barge Energy the writ of attachment was returned executed, and filed. Two bonds for tbe release of tug, steamer, and barge were given, executed, and filed.
“Adjourned to July 21,1894.”
These 256 days included nine legal holidays, upon which plaintiff was at his office and performed any work there was to do.
Neither of the judges was present on any one of the said 256 days; they were then at some other place of holding court in the district. For 239 of said days the Treasury has paid the clerk of either the Richmond division or the Alexandria division for attendance on the district court held in one or the other of these cities upon those days.
Rule 71 of the court provides: “ The admiralty court shall always be open for the dispatch of business.” Rule 85 provides that “all rules to which a party is entitled of course, or which are moved for upon written consent of the parties, may be entered by the clerk in vacation without the mandate of the judge and be entitled as of a special court held that day.”
We annex to this opinion, for future convenience of reference, the sections of the statutes to which reference has been made in the argument; but in our opinion section 574 (R. S.) is decisive of the issue in this cause.
That section provides in substance that the district courts, as courts of admiralty and equity, shall be deemed always open for certain purposes. Tbe purposes enumerated in the statute are either entirely clerical in their nature, and for which the clerk receives full compensation in detail in enumerated and prescribed fees, of which examples are: Filing any pleading and issuing or returning process; or they are judicial and can not be performed by the clerk, such as *288 making’ orders or rules, and taking other proceedings preparatory to the bearing upon tbeir merits of causes pending in the. court.
Section 583 seems by inference to preclude the performance by a clerk of other than office business during the absence of the judge, when it provides that if the judge is unable to attend at the commencement of a term, the marshal shall ad-joiirn the court upon the written order of the judge. Such an adjournment is not a session of the court during which judicial business is transacted.
In United States v. Pitman (147 U. S., 671), the Supreme Court has held:
“We think the court should be deemed ‘actually in session’’ within the meaning of the law, not only when the judge is. present in person, but when, in obedience to an order of the judge directing its adjournment to a certain day, the officers are present upon that day and the journal is opened by the clerk, aud the court is adjourned to another day by further direction of the judge. That this was the construction placed upon these sections by Congress is evident by the Civil Appropriation Act of March 3,1887 (24 Stat., 509, 541, c. 382), which provided as follows: ‘Nor shall any part of any money appropriated be used in payment of a per diem compensation to any attorney, clerk, or marshal for attendance in court, except for days when the court is open by the judge for business, or business is actually transacted in court, and when they attend under sections ñve hundred and eighty-three, five hundred and eighty-four, six hundred and seventy-one, six hundred and seventy-two, and two thousand and thirteen of the Revised Statutes, which fact shall be certified in the approval of their accounts.’
“Attendance upon the days when the court is opened under” the provisions of these numbered sections is put by Congress upon the same footing as if the judge were actually present and business were actually transacted. The restriction of per diems to days when the court is actually in session was probably intended to be construed and explained in connection with section 831, which provides that no per diem or other allowance shall be made for attendance at rule days.”
Pitman, however, sued for marshal’s fees, the court not being-in fact in session, as the judge was absent.
The Act of August 4, 1886 (24 Stat. L., 253), provides:
“Nor shall any part of the money appropriated by this act be used in payment of a per diem compensation to any clerk or marshal for attendance in court except for days when business is actually transacted in court and when they attend *289 Tinder sections 583, 584, 671, 672, 2013 of the Revised Statutes, which fact shall be certified in the approval of their accounts.”
In the Converse Case (26 C. Cls. R., 6), this court construed the following provision as to clerks’ fees found in the Appropriation Act of March 3, 1887 (24 Stat. L., 541):
“For fees of clerks, one hundred and seventy-five thousand dollars: Provided, That hereafter no part of the appropriations made for the payment of fees for United States marshals or clerks shall be used to pay the fees of United States marshals or clerks upon any writ or bench warrant for the arrest of any person or persons who may be indicted by any United States grand jury, or against whom an information may be filed, where such person or persons is or are under a recognizance taken by or before any United States commissioner or other officer authorized by law to take such recognizance, requiring the appearance of such person or persons before the court in which such indictment is found or information is filed, and when such recognizance has not been forfeited or said defendant is not in default, unless the court in which such indictment or information is pending orders a warrant to issue; nor shall any part of any money appropriated be used in payment of a per diem compensation to any attorney, clerk, or marshal for attendance in court except for days when the court is open by the judge for business or business is actually transacted in court.”
This court said:
“It must therefore be held, under the decision of this court in the Jones Case (21 C. Cls. R., 1), that the claimant was entitled to his per diem for days when the court was opened at the time ancL place appointed by law, though no suitors appeared and it was adjourned without transacting any business whatever.
“The question, therefore, is whether one word, and that word a mere disjunctive conjunction, shall override the purposes of the enactment (whatever it was) and render the statute practically inoperative.
“This question, of course, must be answered in the negative. The court must ascribe an intelligent purpose to Congress, and must, if possible, discover and give effect to it. That purpose seems to the court a plain one, especially when we refer back to the temporary statutory provision of the preceding year. It is to restrict the per diem compensation of attorneys, clerks, and marshals to days when a court having been duly opened for business by a judge business is actually transacted.
“This word ‘or’ must, therefore, be deemed a clerical error for the word ‘and,’ and the claimant’s recovery'must be *290 restricted to a period terminating on tbe 3d of March, 1887.” (Decided December 1,1890.)
Tbe clerk is entitled to bis per diem for attendance whenever tbe court is actually in session; that is, when tbe court is open by its order for the transaction of business it is in session within tbe meaning of this section. (McMullen's Case, 146 U. S., 360; Bill’s Case, 23 C. Cls. R., 142.)
Congress has by tbe Act of March 3, 1887 (24 Stat. L., 541), limited tbe clerk’s right to fees for this service to those days when tbe court was opened by tbe judge for business and business was actually transacted in court, or when tbe clerk attended under sections 583, 584, 671, 672, and 2013, Revised Statutes.
This act has been construed in tbe Converse Case, and under that decision tbe concluding- clause of tbe statute should read, “or when tbe clerk attends under” tbe sections enumerated. This statute, therefore, limits tbe clerk’s per diem fee to tbe days when tbe court in fact is in session; when tbe judge is actually present. This is decided in Pitman’s Case (147 U. S., 672).
The word “business,” as used in tbe act of 1887, means judicial business, business which can only be transacted by a judge, and does not mean that which may be performed by a clerk in tbe judge’s absence, or that which may be done by a judge in vacation. Tbe business shown'in this case is that which is usually done in a clerk’s office.
Petition dismissed.
“Sec. 574. Tbe district courts, as courts of admiralty, and as courts of equity so far as equity jurisdiction has been conferred upon them, shall be deemed always open for tbe purpose of filing any pleading, of issuing and returning mesne and final process, and of making and directing all interlocutory motions, orders, rules, and other proceedings, preparatoryto tbe bearing, upon their merits, of all causes pending therein. And any district judge may, upon reasonable notice to the parties, make and direct and award, at chambers, or in tbe clerk’s office, and in vacation as well as in term, all such process, commissions, orders, rules, and other proceedings, whenever tbe same are not grantable of course according to tbe rules and practice of tbe court.
“Sec. 583. If tbe judge of any district court is unable to attend at tbe commencement of any regular, adjourned, or *291 special term, tbe court may be adjourned by tbe marshal, by virtue of a written order directed to him by tbe judge, to tbe next regular term, or to any earlier day, as tbe order may direct.
“ Sec. 584. If tbe judge of any district court in Alabama, California, Georgia, Indiana, Iowa, Kentucky, North Carolina, Tennessee, or West Virginia is not present at tbe time for opening tbe court, tbe clerk may open and adjourn tbe court from day to day for four days; and if tbe judge does not appear by two o’clock afternoon of the fourth day, the clerk shall adjourn tbe court to tbe next regular term. But this section is subject to the provisions of tbe preceding and next sections.
“Sec. 671. If neither of tbe judges of a circuit court is present to open any session, tbe marshal may adjourn the court from day to day until a judge is present: Provided, That if neither of them attends before tbe close of the fourth day after tbe time appointed for tbe commencement of tbe session tbe marshal may adjourn tbe court to tbe next regular term.
“Sec. 672. If neither of tbe judges of a circuit court be present to open and adjourn any regular or adjourned or special session, either of them may by a written order, directed alternatively to the marshal, and, in bis absence, to the clerk, adjourn tbe court from time to time, as tbe case may require, to any time before tbe next regular term.
“Sec. 828. For issuing and entering every process, commission, summons, capias, execution, Avarrant, attachment, or other writ, except a writ of venire or a summons or subpoena for a witness, one dollar.
“For issuing a writ of summons or subpoena, twenty-five cents.
“For filing and entering every declaration, plea, or other paper, ten cents.
“ For administering an oath or affirmation, except to a juror, ten cents.
“ For taking an acknowledgment, twenty-five cents.
“For taking and certifying depositions to file, twenty cents for each folio of one hundred words.
“For a copy of such deposition furnished to a party on request, ten cents a folio.
“For entering any return, rule, order, continuance, judgment, decree, or recognizance, or drawing any bond, or making any record, certificate, return, or report, for each folio, fifteen cents.
“ For a copy of any entry or record, or of any paper on file, for each folio, ten cents.
“For making dockets and indexes, issuing venire, taxing costs, and all other services on tbe trial or argument of a cause where issue is joined and testimony given, three dollars.
“For making dockets and indexes, taxing costs, and all *292 other services in a canse where issue is joined, but no testimony is given, two dollars.
“ .For making dockets and indexes, taxing costs, and other services in a cause which is dismissed or discontinued, or where judgment or decree is made or rendered without issue, one dollar.
“ For making dockets and taxing costs in cases removed by writ of error or appeal, one dollar.
“ For affixing the seal of the court to any instrument, when required, twenty cents.
“For every search for any particular mortgage, judgment, or other lien, fifteen cents.
“For searching the records of the court for judgments, decrees, or other instruments constituting a general lien on real estate, and certifying the result of such search, fifteen cents for each person against whom such search is required to be made.
“ For receiving, keeping, and paying out money in pursuance of any statute or order of court, one per centum on the amount so received, kept, and paid.
. “For traveling from the office of the clerk, where he is required to reside, to the place of holding any court required "by law to be held, five cents a mile for going and five cents for returning, and five dollars a day for his attendance on the court while actually in session.
“All books in the offices of-the clerks of the circuit and district courts containing the docket or minute of the judgments or decree thereof, shall, during office hours, be open to-the inspection of any person desiring to examine the same without any fees or charge therefor.
“ Sec. 831. No per diem or other allowance shall be made to any district attorney, clerk of a circuit court, clerk of a. district court, marshal, or deputy marshal for attendance at rule days of a circuit or district court; and when the circuit, and district courts sit at the same time no greater per diem or other allowance shall be made to any such officer than for an attendance on one court.
' “Sec. 2013. The circuit court, when opened by the judge as required in the two preceding sections, shall, therefrom and thereafter and up to and including the day following the day of election, be always open for the transaction of business, under this title, and the powers and jurisdiction hereby granted and conferred shall be exercised as well in vacation as in term time; and a judge sitting at chambers shall have the same powers and jurisdiction, including the power of keeping order and of punishing any contempt of his authority, as when sitting in court.”