Peelle, J.,
delivered the opinion of the court:
The findings present the question as to whether the clerk of the District Court of the United States for the eastern district of Texas is entitled to recover a per diem compensation for his attendance on court for days when the court was adjourned from day to day by the marshal by a written order from the judge under Revised Statutes, section 583.
The clerk’s fee bill (Revised Statutes, § 828), among other things, provides: “ Five dollars a day for his attendance on the court while actually in session.”
Section 583 provides that “if the judge of any District Court is unable to attend at the commencement of any regular, adjourned, or special term, the court may be adjourned by the marshal, by virtue of a written order directed to him by the judge, to the next regular term, or to any earlier day, as the order may direct.”
Under that state of the law this court in December, 1885, in the case of Jones (21 C. Cls. R., 1), held that a clerk was entitled to his per diem compensation for his attendance upon court for *269 days when “the court merely met and adjourned,” no business being transacted.
That decision was acquiesced in as the law, no appeal being taken therefrom. But by the Sundry Civil Appropriation Act of August 4, 1886 (24 Stat. L., 222, 253), Congress, presumably to remedy the mischief, provided:
it* * -* llor shall any part of the money appropriated by this act be used in payment of a per diem compensation to any clerk or marshal for attendance in court, except for days when business is actually transacted in court, and when they attend under sections five hundred and eighty-three, five hundred and eighty-four, six hundred and seventy-one, six hundred and seventy-two, and two thousand and thirteen of the Revised Statutes, which fact shall be certified in the approval of their accounts.”
This limited the per diem compensation of clerks and marshals to “days when business is actually transacted in court,” and when they attend under the sections of the statutes there stated.
By the Appropriation act March 3, 1887 (24 Stat. L., 509, 541), the Congress enacted a permanent statute by providing:
“That hereafter no part of the appropriations made for the payment of fees for United States marshals or clerks shall be used to pay the fees of United States marshals or clerks upon any writ or bench warrant, * * * nor shall any part of any money appropriated be used in payment of a per diem compensation to any attorney, clerk, or marshal for attendance in conrt, except for days when the court is open by the judge for business or business is actually transacted in court, and when they attend under sections five hundred and eighty-three, five hundred and eighty-four, six hundred and seventy-one, six hundred and seventy-two, and two thousand and thirteen of the Revised Statutes, wliich fact shall be certified in the approval of their accounts.”
As the law thus stood, this court, in the Converse Case (26 C. Cls. R., 6), held in substance that a clerk was not entitled to a per diem fee for days when the court was opened by the judge for business unless business was “actually transacted in court,” and in reaching this conclusion the court held that the disjunctive “or” was a clerical error for the word “and,” so that the statute as thus construed read, “ when the court is-open by the judge for business and business is actually transacted in court.”
*270 In view of the previous legislation to which we have referred, we think the reasoning and the conclusion of the court in this respect is correct, for while a court may be opened by the judge and no business be transacted, it is equally clear that no business can be “transacted in court” until court be opened by the judge. Hence, to entitle a clerk to a per diem for his attendance on court, when open by the judge — presumably in person — it is not only necessary that the court should be so opened by the judge for business, but that business should be actually transacted in court.
If the statute stopped there, the court would have no doubt as to the rights of the claimant in the case at bar, but the residue of the statute is, “and when they attend under Revised Statutes, sections five hundred and eighty-three, five hundred and eighty-four, sis hundred and seventy-one, six hundred and seventy-two, and two thousand and thirteen.”
These sections provide in substance as follows:
583. That in case the judge of the District Court is unable to attend at the commencement of any regular, adjourned, or special term, the court may be adjourned to the next regular term or any earlier day by the marshal by virtue of a written order directed to him by the judge.
584. Applies only to the States named therein, not including Texas.
671. Provides that in case neither of the judges of the Circuit Court is present to open any session the marshal may adjourn the court from day to day until the close of the fourth day, and that if no judge be then present he shall adjourn the court to the next regular term.
672. Provides that if neither of the judges of a Circuit Court be present to open and. adjourn any regular, adjourned, or special session, either of them may, by written order directed alternatively to the marshal, or in case of his absence to the clerk, “ adjourn the court from time to time, as the case may require, to any time before the next regular term.”
2013. Provides that when the Circuit Court is open as provided by sections 2011 and 2012, it shall thereafter and until the day after election be always open for the purpose therein stated.
Those sections of the Revised Statutes, it will be observed, are recognized in the act 1887, as they were in the act 1886 •, *271 but in tbe act 1886 the word “ and,” as used in the language, “except for days when business is actually transacted in court and when they attend under section 583,” etc., properly connects the two exceptions stated; but in the act 1887, as construed by this court in the Converse Case (supra), which reads, “except for days when the court is open by the judge for business and business is actually transacted in court and when they attend under section 583,” etc., the exceptions are not so well defined as they would be if the word “or” were' substituted for the word “and” where it last occurred; but we think the purpose and intent of the statute was that to entitle a clerk, marshal, or attorney to a per diem compensation one of two things must occur:
(1) The court must be opened by the judge for business and business be actually transacted in court; or
(2) When they attend under sections 583, 584, 671, 672, and 2013, in which case no business need be transacted other than that of entering on the journal the opening and adjournment of the court.
Why this distinction was made we need not now inquire, as the statute appears to be free from ambiguity.
In the recent case of Ackiss (31 C. Cls. R., 283), the court held that a clerk of a District Court was not entitled to a per diem compensation for days when the court was open, pursuant to Revised Statutes, section 574 — no judge being present — for the reason that, under that section, the District Courts, as courts of admiralty and of equity, “shall be deemed always open for the purpose” therein stated.
In that case the word “business,” as used in the act 1887, was construed to mean “judicial business,” as contradistin-guished from clerical business or business which may be done by a judge in vacation, and as the business in that case was that usually done in a clerk’s office, it was held to be clerical work, and hence that there was no right to a per diem compensation.
This view of that section of the statute we think was correct, as otherwise a clerk would be entitled to a per diem fee thereunder for each day during the year, except Sundays and legal holidays. Then, again, that section is omitted from the act 1887.
*272 In the case of United States v. Pitman (147 U. S., 669) the court held that a clerk was entitled to a per diem compensation for his attendance, under sections 583 and 672.
In referring to the practice authorized by these sections the court says:
“ Whether this practice be conducive to the convenient dispatch of business or not is a question for the judge to determine. After the term of a court has been regularly opened upon the day provided by law, the question how long it shall remain open, to what day it shall be adjourned, and whether and how often it shall be opened for incidental business after the regular business of the term has been concluded, is a matter which rests in the discretion of the presiding judge. It is presumed that he will act in this particular in what he conceives to be the interest of the public, and that he will put the Government to no unnecéssary expense. It is clearly the duty of the officers of the court to be present at the adjourned day, and to obey the written order of the judge with respect to any further adjournment, and there is no reason why they should not receive their per diems therefor as if the judge were actually present. It was held by this court in the case of McMullen v. United States (146 U. S., 360) that when the court is open, by its order, for the transaction of business, it is in session within the meaning of this section; ‘but that if the court, by its own order, is closed for all purposes of business for an entire day, or for any given number of days, it is not in session on that day or during those days, although the current term has not expired.’ ”
Oonstraing the fee bill (828) the court says:
“ We think the court should be deemed 1 actually in session,’ within the meaning of the law, not only when the judge is present in person, but when, in obedience to an order of the judge directing its adjournment to a certain day, the officers are present upon that day and the journal is opened by the clerk, and the court is adjourned to another day by further direction of the judge.”
And this, the court says, “ was the construction placed upon these sections by Congress ” by the act 1887.
These sections, i. e., 583, 584, 671, 672, and 2013, named in the act, the court says, “ is put by Congress upon the same footing as if the judge were actually present and business were actually transacted.”
The court further says that “the restriction of per diéms to days when the court is actually in session,” in the language of *273 tbe fee bill, was probably intended to be construed and explained in connection with section 831, wliicb provides that “ no per diem or other allowance shall be made for attending at rule days.”
With this construction of the act of 1887 the law in respect to the per diem fees of a clerk is the same as it was prior to the act of 1887, except that for days when the court is opened by the judge for business, presumably in person, the clerk will not be entitled to a per diem unless “business is actually transacted in court,” and this, too, notwithstanding that on such days “the journal is opened by the clerk and the court is adjourned to another day,” the same as when court is adjourned in obedience to an order of the judge.
Whether the act of 1887 reaches the mischief which Congress intended to correct we very much doubt, but the language is free from ambiguity, and, following the decision in the case of United States v. Pitman (supra), which is the last expression as to what the law is, the claimant is entitled to recover, subject, however, to adjustment under the decision in the case of United States v. Harmon (147 U. S., 268, 282) as to his maximum compensation.
Judgment will be entered accordingly in favor of the claimant for $105.