## UNITED STATES v. McCABE et al.

(Circuit Court, D. Rhode Island. May 2, 1903.)

No. 2,657.

**1. COURTS—OFFICERS—CRIERS—PER DIEM.**

Rev. St. § 672 [U. S. Comp. St. 1901, p. 546], provides that, if any of the judges of the Circuit Courts are not present to open and adjourn any regular, adjourned, or special session, either of them may adjourn the court by written order directed alternatively to the marshal, or, in his absence, to the clerk. Section 715 [page 579] authorizes the Circuit and District Courts to appoint criers, to be allowed $2 per day, and authorizes the marshal to appoint bailiffs, to be paid by the marshal at the same rate, but that such compensation shall extend to only actual attendance. Sundry Civil Appropriation Act March 2, 1895, 28 Stat. 958 [page 580], amending section 715, declares that all persons employed under such section should be deemed in actual attendance when they attend on the order of the court, and that no such person should be employed during vacation. *Held*, that court criers and bailiffs appointed under section 715 were entitled to per diem for attendance on the Circuit Court on days when the court was adjourned by written order of the judge, under section 672.

**2. SAME—OFFICERS.**

Bailiffs and criers appointed to attend on sessions of the United States Circuit and District Courts, as authorized by Rev. St. § 715 [U. S. Comp. St. 1901, p. 579] are officers of the court.

Chas. A. Wilson, U. S. Dist. Atty.

Rathbone Gardner, for defendants.

COLT, Circuit Judge. The question in this case is whether the crier and bailiffs are entitled to pay for attendance upon the Circuit Court on days when the court is adjourned by a written order of the judge, under section 672 of the Revised Statutes [U. S. Comp. St. 1901, p. 546]. This section reads:

"If neither of the judges of a Circuit Court be present to open and adjourn any regular or adjourned or special session, either of them may, by a written order, directed alternatively to the marshal, and, in his absence, to the clerk, adjourn the court from time to time, as the case may require, to any time before the next regular term."

It has been held that the court is actually in session, within the meaning of the law, when no judge is present, and the court is adjourned in obedience to his order, under section 672, and that the officers of the court are entitled to their per diems for attendance on such days. United States v. Pitman, 147 U. S. 699, 13 Sup. Ct. 425, 37 L. Ed. 324; United States v. Aldrich, 7 C. C. A. 431, 58 Fed. 688.

In United States v. Pitman, Mr. Justice Brown, speaking for the court, said:

"It is clearly the duty of the officers of the court to be present at the adjourned day, and to obey the written order of the judge with respect to any further adjournment, and there is no reason why they should not receive their per diems therefor as if the judge were actually present. * * * We think the court should be deemed 'actually in session,' within the meaning of the law, not only when the judge is present in person, but when,

in obedience to an order of the judge directing its adjournment to a certain day, the officers are present upon that day, and the journal is opened by the clerk, and the court is adjourned to another day by further direction of the judge."

The crier and bailiffs are appointed under the following section of the Revised Statutes:

"Sec. 715. The Circuit and District Courts may appoint criers for their courts, to be allowed the sum of two dollars per day; and the marshals may appoint such a number of persons, not exceeding five, as the judges of their respective courts may determine, to attend upon the grand and other juries, and for other necessary purposes, who shall be allowed for their services the sum of two dollars per day, to be paid by and included in the accounts of the marshal, out of any money of the United States in his hands. Such compensation shall be paid only for actual attendance, and, when both courts are in session at the same time, only for attendance on one court." [U. S. Comp. St. 1901, p. 579.]

The sundry civil appropriation act of March 2, 1895, 28 Stat. 958 [U. S. Comp. St. 1901, p. 580], contains the following amendment to section 715:

"That all persons employed under section seven hundred and fifteen of the Revised Statutes shall be deemed to be in actual attendance when they attend upon the order of the courts: and provided further, that no such person shall be employed during vacation."

The same provision is found in the appropriation bills since 1895.

In 1897 the Comptroller ruled that the foregoing amendment to section 715 was passed for the purpose of authorizing payments to criers and bailiffs when they attend upon the order of the court under section 672, and directed payment accordingly. 3 Dec. Comp. Treas. 522. The government followed this construction of the law until March, 1899, when Comptroller Tracewell reached a different conclusion as to the proper construction of this amendment. He held, with some hesitation, that the amendment did not refer to orders of adjournment under section 672, but meant "an order or instruction personal to the bailiff or crier, relating to services to be rendered during the absence of the judge." 5 Dec. Comp. Treas. 583, 586.

The question, therefore, is whether the words "order of the courts" in the act of March 2, 1895, mean a special order by the judge directed personally to the crier and bailiffs, or refer to the written orders of adjournment by the judge, under section 672. An examination of the debates in Congress when the amendment was passed shows that the subject before Congress was the adjournments of the court under section 672, and the ruling of the Comptroller that the crier and bailiffs were not entitled to their per diems for attendance when the court was adjourned in obedience to such orders. Congressional Record, 53d Cong. 3d Sess. p. 1362. It is very evident that it was to meet this very situation, or the very position now taken by the comptroller, that the amendment was passed. Since the sole purpose of Congress in passing the amendment was to authorize the government to pay criers and bailiffs when they attend court under the provisions of section 672, it is manifestly the duty of the court to give effect to such intention, and not to defeat it by construction.

In United States v. Pitman, supra, the court said:

"It is clearly the duty of the officers of the court to be present at the adjourned day, and to obey the written order of the judge with respect to any further adjournment."

The point is now taken for the first time by the United States attorney that bailiffs are not officers of the court, within the meaning of United States v. Pitman. This position is clearly untenable. The persons appointed under section 715, whether called bailiffs or by any other name, are as much officers of the court as the marshal, clerk, or crier. They are all a necessary part of the machinery of the court, and they all go to make up the official family of the court. The attendance upon the court of the persons called bailiffs is indispensable for the preservation of order and for other purposes. Section 715 clearly contemplates that these persons shall attend court as officers of the court to perform such necessary duties as may be required of them, and such has always been the practice under this statute. They are not common-law bailiffs, although they perform some of the duties of such officers. They are the persons appointed by the marshal under a federal statute to attend upon the grand and other juries and upon the courts for necessary purposes, and, in my opinion, they, as well as the crier, are entitled to their per diems when the court is adjourned, as provided by section 672, under the decision of the Supreme Court in United States v. Pitman, and the amendment to section 715, which first appears in the act of March 2, 1895.

Judgment for the defendants.