Booth, J.,
delivered the opinion of the court: .
The claimants in this case are seeking payment of per diem’s alleged to be due them as crier and bailiffs of the United States District and Circiut Courts for the district of Oregon, from February 6, 1899, to October 22, 1900. Section 715 of the Revised Statutes, page 136, provides as follows:
“The Circuit and District Courts máy appoint criers for their courts, to be allowed the sum of two dollars per day; and the marshals may appoint such a number of persons, not. exceeding five, as the judges of their respective courts may determine, to attend upon the grand and other juries, and for other necessary purposes, who shall be allowed for their services the sum of two dollars per clay, to be paid by and included in the accounts of the marshal, out of any money of the United States in his hands. Such compensation shall be paid only for actual attendance, and, when both courts are in session at the same time, only for attendance on one court.”
The act of March 2, 1895 (28 Stat. L., 958), amending the. foregoing act, provides as follows:
“ For pay of bailiffs and criers, not exceeding three bailiffs and one crier in each court * * *. Provided, That all persons employed under section seven hundred and fifteen of the Revised Statutes shall be deemed to be in actual attendance when they attend upon the crcler of the courts.”
*250 No question is raised as to the regularity of their appointment under the above statute, nor as to any of the facts set forth in the findings.
Objection to the claims arises from the fact that on the day and dates for which compensation is claimed the courts were opened and adjourned by the marshal in pursuance of written authority directing him so to do by the judge thereof, under section 6'72 of the Revised Statutes; that the services of the claimants under these circumstances were not required, and were wholly unnecessary, no court business having been actually transacted.
The statute creating the offices and allowing a stated per diem compensation for each of them would of itself seem a sufficient answer to this contention. The limitation placed by section 715 of the Revised Statutes upon the officers’ right to compensation is actual attendance. The Congress, in the act of March 2, 1895, construes the words “ actual attendance ” to mean when the officer is actually present, “ upon the order of the courts.” Therefore, if the officer is actually present upon the order of the court he brings himself within the statute, and compensation therefor can not be denied him. The mischief sought do be remedied by the 'words “ order of courts ” was to preclude an allowance for days during the regular term of the court when the same was not in session, and when the session had been adjourned by the judge to a day certain during the regular term, thus limiting their right to compensation to days when the court was actually in session during the regular term and the officers were personally present ready to or performing their respective duties. The statute does not contemplate the issuing of a personal order from the court directed to the officers in question to bo present upon the convening of court. The ■words of the enactment negative the contention. The crier is the creature of the court, with certain well-defined duties; the bailiffs are the creatures of the marshal, whose duties are defined bjr the statute to be an attendance upon the grand and petit juries and for other necessary fury oses. They are officers of the court (Ricketts v. Mayor, etc., of New York, 67 Howard, 320; Rowland v. Mayor, etc., City of New York, *251 83 N. Y., 372; Adam Moser v. Mayor, etc., of New York, 21 Hun., 163), and-as such bound to take judicial notice of their duties, obligated under the law to a proper discharge of the same, and equally liable with any other officer of the court for a dereliction or omission in the performance of the same. In Rowland v. Mayor, etc. (supra), the court said:
“ He not only owes a duty to it (the court), and is to perform such duties as are by it required to be performed, but, as we have already .said, those duties are in aid of the proper business of the court, and therefore, among others, to be present at its sittings, to execute its commands, secure due order in its proceeding's, and attend upon juries, and all are as necessary as the duties intrusted to its clerks or crier.”
The words “ order of the courts ” refer to the manner of convening the court; they express an intent to discriminate between actual open and regular terms of the court, publicly held, when grand and petit juries are impaneled, witnesses examined, and the trial of cases proceeds, and the sessions or terms of the same when judicial business is lawfully transacted in chambers or during vacation, when grand and petit juries are not required, and the business of the judge is largely, if not wholly, limited to the consideration of orders, decrees; etc., in equity, admiralty, and bankruptcy. An officer will be deemed in actual attendance upon the order of the court if he is personally present when the same is regularly convened by the order of the judge in pur sanee of law and the duties of his office command his attendance.
Section 672 of the Revised Statutes, page 124, provides as follows:
“ If neither of the judges of a Circuit Court be present to open and adjourn any regular or adjourned or special session, either of them may, by a written order, directed alternately to the marshal and, in his absence, to the clerk, adjourn the court from time to time,-as the case may require, to any time before the next regular term.”
The Supreme Court in construing the above section uses this language:
“Attendance upon the days when the court is opened under the provisions of these numbered sections (including section 672) is put by Congress upon the same footing as if the *252 judge were actually present and business were actually transacted.” (United States v. Pitman, 147 U. S., 671.)
Thus it will be seen that a regular, adjourned, or special session of the court, opened in pursuance of section .672 of the Revised Statutes, is placed upon the same footing as a public session duly opened by the judge of the court in person and actually transacting the business of the term. It is in legal contemplation such a session of court as requires the attendance of all the officers of the court, the same as if the current business of the term was actually proceeded with, and when so attending they are there by the order of the court. ■
Clerks and marshals in attendance under similar circumstances have been allowed their per diem compensation. (Jones v. United States, 21 C. Cls. R., 1; Finnell v. United States, 185 U. S., 236.) This court, in Robert W. Butler et al. v. United States, No. 23547, and Thomas J. Doyle v. United States, No. 26933, cases exactly similar to this, awarded judgments in favor of the claimants, from which no appeal was taken.
It is to be observed that the statute nowhere predicates the officers’ right to compensation upon an affirmative showing of the necessity of their actual attendance. As before observed, the necessity for their services is fully covered b}r the statute providing for their appointment. The offices held by the claimants are of ancient origin, they have always been considered necessary adjuncts to the proper administration of justice in courts of law, their services are not subordinate or menial, but honorable and coordinate with the other officials of the court. Their right to compensation is limited under the above statutes to the regular, adjourned, or special sessions of the court publicly held, and their actual attendance thereon. Congress have confined their right to per diem allowances within limits much narrower than those imposed upon clerks or marshals; but in so doing it is not to be presumed that Congress intended to impose such unnecessary and unreasonable limitations as to make the obtaining of the payment of their statutory allowances an exceeding hardship.
Great confusion and much litigation would result in the settlement of the accounts of officers of this character if *253 their right to compensation were to be made dependable niton establishing the “ necessity for their attendance.” It would necessarily involve a judicial determination in almost every instance and would subject the officers entitled to allowances to the individual judgment of those charged with the payment of their compensation acting without legal precedent and inharmoniously.
In the case at bar the accounts of the officers for their per diem allowances were duly presented to the court for approval, as set forth in finding iv, were approved by the court and subsequently disallowed by the accounting officers of the Treasury. The course pursued in this case would likewise be pursued in most others and no uniformity in the settlement of their accounts could possibly obtain.
The causes of action herein are several, and no privitj'- or joint interest exists between the..several claimants named in the petition. It is, in fact, a case of misjoinder of parties; and in such cases it is the right of the defendants to raise the objection and to obtain a dismissal of the petition or a severance of the parties. The petition must be regarded as the petition of each and not of all; and the judgment of the court must be in the form of several and distinct judgment for each claimant.
We therefore aAvard judgments as follows: To John Kelly, $88; to Jacob Proebstel, $84; to James N Fullilove, $88; to George Egbert, $88, and to IT. Lampman, $4.