AtiíiNSON, J.,
dissenting:
I can not concur in the opinion of the court that the statute (715) which authorizes the appointment of criers and bailiffs, to attend upon the sessions of United States district and circuit courts, intended to authorize the payment of per diems to such officers except for the days that courts are actually, and not constructively, in session. The authority to pay marshals and clerks per diem fees while courts are constructively sitting has been adjudicated by this court and by the Supreme Court of the United States, notably in the following cases: United States v. Pitman (147 U. S. R., 669) and United States v. Finnell (185 U. S. R., 236).
*254 It is essential that marshals and clerks should be in attendance at the times and places fixed by law for the beginning of terms of courts and during tlieir sessions, and it is also necessary that they should be present when courts are adjourned from day to day, under sections 583, 671, and 672, lie vised Statutes, on account of the absence of the judges, but the services of criers and bailiffs are not essential, except when courts are actually sitting and public business is being transacted by the courts. It is therefore apparent to my mind that sections 583, 671, and 672, which provide for the adjournment of courts by the marshals in the absence of the judges and for the days covered by such adjournment^, do not imply that criers and bailiffs are expected to be present or that they are entitled to be paid per diem fees even if they are present, especially when the appropriation acts are read in conjunction with the statute which authorizes their employment.
Section 715, Revised Statutes, which provides for the appointment of criers and bailiffs, and the act of March 2, 1895 (28 Stat. L., 958), amendatory thereof, which declares “ that all persons employed under section 715 shall be deemed to be in actual attendance -when they attend upon the order of the courts,” I am constrained to believe does not refer to the “ orders ” provided by sections 583, 671, and 672, Revised Statutes, which contemplate the intended absence of the judges, and prescribe the duties of the marshal and clerk (not criers and bailiffs) in relation thereto; but, on the contrary, they do contemplate the absence of the judge only during a session or term of the court, when, such session is suspended or adjourned while awaiting the action of a jury, either grand or petit, or for any other reason which does not necessitate a formal adjournment to a given day. It means, as I understand it, orders or instructions personal to the criers or bailiffs relating to services to be rendered during the absence of the jxidges, and not to an order of adjournment which has been preannounced or predetermined, as in the case at bar.
It is reasonable to infer, from the language to which I have referred, that to authorize a per diem fee to be paid for *255 “ actual attendance ” upon courts, an order of a court would be necessary, and not such an order as is contemplated by the sections above quoted, which relate specifically to the attendance of marshals -and clerks only. The language of section 715 provides that criers and bailiffs shall be paid a per cliem of $2, when in achual attendance upon the orders of the court. I can not believe, therefore, that the Congress intended that subordinate officers of a court, such as these, should be compensated for services in waiting upon courts and executing their orders, when no judges are present to direct the duties which their respective positions required to be executed by them and by them alone. To allow such compensation it will be necessary to place bailiffs 'and criers on an equal standing with marshals and clerks, which, to my mind, was not the purpose of the Congress when the law was enacted.
The language of section 715 provides that “ the- circuit and district courts may appoint criers for their courts, who shall be allowed the sum of two dollars per day.” For what purpose shall they be allowed this compensation? To execute the orders of the courts while public business is being-transacted in open court, because no other official services can be rendered by them. Is it reasonable therefore for us to assume that the Congress intended that they should be paid a per cliem when no public business is being disposed of by the courts, or, in other words, when the judges are not personally present ? I can not believe that such was the purpose of the act.
In refereence to the appointment of bailiffs by'the marshals, the same section defines their duties to be “to attend ■upon the grand and other juries, and for other necessary purposes, who slial] be allowed two dollars per day * * and that “such compensoMon shall he paid only for actual attendance * * Are we to assume from this language that the Congress intended that they should be paid for attendance upon juries when none are in session, because juries can not transact business except when a judge is personally present? I can not believe that a proper construction of this section reveals such intention by the legislative body that enacted it.
*256 No opposition is made to the payment of fees to criers and bailiffs when courts are actually and not constructively in session, consequently the authorities cited in the foregoing opinion of the court can have but little or no bearing upon the case at bar.
For the reasons above stated, I am persuaded that the petition should be dismissed.